## DANIEL BROWNING *et al.*

### *v.*

## MARY HARRIS *et al.*

*Filed at Mt. Vernon June 21, 1881.*

1. HOMESTEAD—*when conveyance of is void.* Since the enactment of 1873 a homestead is made an "estate" in the land to which it attaches, to the extent of $1000 in value; and where the entire premises occupied as a homestead do not exceed that sum in value, and a mortgage or deed of the premises contains no release or waiver of the homestead, as required by the statute, and possession is not given or the premises abandoned, the deed or mortgage given on the same will be inoperative and void, as having nothing upon which to take effect. Where the value exceeds $1000, it will operate upon the excess only.

2. SAME—*can not exist independent of the title from which it is taken.* The right of homestead having been enlarged into an estate, it follows that, like all other estates, it can have no separate existence independent of the title, which constitutes one of its essential elements. Every owner of a homestead, under the present law, has an estate in the premises, either in fee, for life, or for years, to the extent of $1000.

3. SAME—*when an estate in fee or for life.* Where the homestead is in the owner of the fee, it is an estate in fee, and such owner will have no disposable interest in the premises independent of the homestead, where their total value does not exceed $1000. Where the owner in fee of homestead premises dies, and the right of homestead devolves upon the surviving husband or wife, who takes no estate in the inheritance, such right of homestead is an estate for life.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Bond county; the Hon. GEO. W. WALL, Judge, presiding.

Mr. EDWIN M. ASHCRAFT, for the appellants:

That the effect of the deed was to convey the fee in the lands, and that upon the abandonment of the homestead it became extinguished, leaving the grantee in the ownership of the prior fee simple estate, counsel cited *Patterson* v. *Kreig,* 29 Ill. 519; *Best* v. *Allen,* 30 id. 612; *Deere* v. *Chapman,* 25 id. 612; *Davidson* v. *Waldron et al.* 31 id. 120;

*Brown* v. *Keller*, 32 id. 150; *McDonald* v. *Crandall*, 43 id. 234; *Hewitt* v. *Templeton et al.* 48 id. 369.

From the statute and these cases I conclude:

1. That it was the intention of the legislature to create an estate in the householder and owner of the lands, to be possessed and enjoyed by himself and family, and exempt from forced sale and the Statute of Conveyances.

2. It was not the intention, by creating this new estate, to extinguish or change the fee simple estate or ownership which the householder had in the land, except during such time as it might be occupied as a homestead, leaving him free to convey or incumber his fee simple estate at pleasure, but preventing him from conveying, incumbering or extinguishing his estate of homestead, except he complied with the requirements of the statute creating this estate.

It was the purpose of the acts of 1872 and 1873 to so amend the statute that the estate of homestead would continue after the death of the householder, for the benefit of his widow and minor children, against heirs and devisees. This is the only difference between the old and new statutes.

That a homestead exemption and an estate of homestead are the same, see *Smith* v. *Proven et al.* 4 Allen, 516; *White* v. *Rice*, 5 id. 75; *Hotchkiss* v. *Brooks*, 93 Ill. 392; *Kerley* v. *Kerley*, 13 Allen, 287.

Messrs. PHELPS & PHELPS, for the appellees:

Where the property does not exceed in value $1000, the estate of homestead embraces the entire title and interest of the householder therein, leaving no separate interest in him to which liens can attach, or which he can alien, distinct from the estate of homestead. *Eldridge* v. *Pierce*, 90 Ill. 474; *Hotchkiss* v. *Brooks*, 93 id. 392.

Absence from the State for nine months, without proof of having obtained another homestead or having claimed and exercised rights of citizenship inconsistent with citizenship in Illinois, is no abandonment of the homestead. See *Cabeen*

v. *Mulligan*, 37 Ill. 330 ; *Ives et al.* v. *Mills*, 37 id. 73 ; *Potts* v. *Davenport*, 79 id. 455 ; *Titman* v. *Moore*, 43 id. 169 ; *Cobb* v. *Smith*, 88 id. 199.

Mr. JUSTICE·MULKEY delivered the opinion of the Court:

This was a bill to foreclose a mortgage, executed in 1877, by Thomas Harris and wife to Margaret Browning, to secure an indebtedness from Harris to Daniel Browning.

Before and at the time of the conveyance the mortgaged premises belonged to Harris in fee, and were occupied by him and his family as a homestead. The mortgage contained no release or waiver of the homestead, but, on the contrary, expressly reserved the same, and it is conceded the premises were worth less than $1000. After the execution of the mortgage, Harris leased the premises for one year, and he and his family moved to the State of Kansas, leaving his tenant in possession. Browning and wife, assuming the deed to be operative and valid as a mortgage, and treating the removal of Harris and family as an abandonment of the homestead, filed the present bill to foreclose, before the lease from Harris had expired. On the hearing a decree was rendered by the circuit court dismissing the bill, which, on appeal, was affirmed by the Appellate Court for the Fourth District, and the case is now brought here by appeal from the Appellate Court.

It is claimed by appellees, in the first place, that upon appellants' own theory of the law,—which they do not at all admit,—the proofs fail to show an abandonment, in fact, of the homestead. In the view we take of the matter it is not necessary to determine this question. As already stated, it is conceded that the premises in question, at the time of the conveyance, constituted the homestead of the mortgagor, and did not exceed in value $1000, and as there was no waiver or release of the homestead, we must hold, under the previous decisions of this court, there was no estate or interest in the premises upon which the conveyance could then oper-

ate, and hence, as a conveyance, it was inoperative and void as to such interest.

What effect a mortgage like the one in question would have, if any, upon any subsequent increase in the value of the homestead premises in excess of $1000, is not presented by this record, and we therefore decline to express any opinion on that question.

Under the Homestead Exemption acts of 1851 and 1857, it was the settled doctrine of this court that the interest of the occupant thereby created did not rise to the dignity of an estate; that it was a mere exemption or right of occupancy, that could not, as a separate, independent right, be transferred to another; that it could only be extinguished by abandonment, or by waiver or release, in the manner prescribed by the statute. *McDonald* v. *Crandall*, 43 Ill. 231; *Coe* v. *Smith*, 47 id. 225; *Hartwell* v. *McDonald*, 69 id. 293; *Warner* v. *Crosby*, 89 id. 320; *Eldridge* v. *Pierce et al.* 90 id. 474.

A right so precarious and restricted was not only, to some extent, anomalous in the law of real property, but it failed to meet the varied wants and necessities of homestead occupants and their families, growing out of the ownership of such an interest. Temporary removals, even, could not safely be made without giving color to the claim of abandonment, and if the occupant did not happen to own the estate to which the right attached, however valuable he may have rendered it by improvements, and however imperative his necessities might require a change of residence, he could not sell or otherwise dispose of it to any one except the owner of the estate, who might allow him something or nothing for it, just as he saw fit. The homestead occupant thus circumstanced was placed completely at the mercy of the owner of the legal title.

Again, the right of the surviving husband or wife to the homestead might be defeated altogether, by partition proceedings at the suit of the heirs, at that advanced period of life when the comforts of a home are most needed. With a

view of remedying these inconveniences and manifest defects in the prior law, and placing the right of homestead upon a substantial and solid basis, the legislature, in 1873, passed an amendatory act, radically changing some of the provisions of the Homestead law.

The first section of the act, as amended, provides: "That every householder having a family shall be entitled *to an estate of homestead,* to the extent in value of $1000, in the farm or lot of land and buildings thereon, owned or rightly possessed, by lease or otherwise, and occupied by him or her as a residence; and such homestead, and *all right and title therein,* shall be exempt from attachment, judgment, levy or execution, sale for the payment of his debts, or other purposes, and from the laws of conveyance, descent and devise, except as hereinafter provided."

The second section extends the provisions of the act to the surviving wife or husband, and to the children of the owner, until the youngest child becomes twenty-one years of age.

The fourth section provides, that "no release, waiver or conveyance of the estate so exempted shall be valid unless the same is in writing, subscribed by said householder and his or her wife or husband, if he or she have one, and acknowledged in the same manner as conveyances of real estate are required to be acknowledged, or possession is abandoned or given pursuant to the conveyance," etc.

It will be perceived that the amendatory act of 1873, unlike the former acts, by its very terms creates an *estate* of homestead, to the extent of $1000 in value, in the lot of ground or premises constituting the homestead; and since this estate is measured exclusively by the value of the premises themselves, it follows that where the owner of the fee and the owner of the homestead is the same person, such owner can not have any disposable interest in the premises independent of the homestead, where their total value does not exceed $1000; and since the homestead, in such case, comprises the entire interest, it follows that any conveyance

by the owner which does not conform to the requirements of the statute with respect to the conveyance of homesteads, will be inoperative and void as to such homestead. The legislature having, in plain and unmistakable terms, declared that certain forms and ceremonies shall be observed in the conveyance of a homestead, courts have no power to dispense with them. On the contrary, it is their manifest duty to enforce their observance.

Testing the deed in question by the requirements of the statute, it is clearly insufficient. As the estate of homestead embraced the entire interest in the premises, and as there was no waiver or release of the homestead, as required by the statute, and it is not claimed that there was any abandonment or surrender, of the possession to the grantee in pursuance of the deed, as contemplated by the statute, it follows that the deed was inoperative and void, and hence the circuit court properly dismissed complainants' bill.

The right of homestead having been, by the amendatory act of 1873, enlarged into an *estate*, it follows that, like all other estates, it can have no separate existence independent of the title which constitutes one of its essential elements. Every owner of a homestead, under the present law, has an estate in the premises, either in fee, for life or years, to the extent of $1000. Where the head of the family, having an estate in fee in the homestead premises, dies, and the right of homestead devolves upon the surviving husband or wife by operation of law, a life estate is carved out of the fee for the purposes of such estate of homestead, and the heirs take a reversion in fee, only, expectant upon the termination of such life estate. In like manner, where the homestead is cast upon the children of the family, an estate for years is, by operation of law, carved out of the fee for the purposes of such estate of homestead in the children. These rights, flowing from the present statute, are analogous to the common law doctrines by which the inheritance of the heirs is subjected to the dower of the wife and the curtesy of the surviving husband.

By the common law every estate in lands for an indefinite period, which might endure for the life or lives of persons in being, and not longer, is an estate for life, and it is clear, where the owner in fee of homestead premises dies, and the right of homestead devolves upon the surviving husband or wife, who takes no estate in the inheritance, such right of homestead, under the circumstances supposed, is, in the strictest sense of the term, as thus defined, an estate for life.

In *Eldridge* v. *Pierce et al.* 90 Ill. 474, we held, in conformity to the views here expressed, where the owner of a homestead had executed three mortgages upon the homestead premises, the first of which contained no sufficient waiver or release of the right of homestead, and the other two did, that the latter had priority over the first to the extent of $1000. In that case it was said, in discussing the effect of the act of 1873, that "it would be difficult to employ language more clearly expressing that the householder is now invested with an estate (one before unknown to the law) of homestead, to the extent in value of $1000, which can only be incumbered or aliened in the mode prescribed by the statute. Where the property in which this estate exists exceeds in value $1000, the excess is liable to the same lien of judgment, attachment, and to be aliened in the same manner that other real property of the householder is; where, however, the property does not exceed in value $1000, the estate embraces the entire title and interest of the householder therein, leaving no separate interest in him to which liens can attach, or which he can alien distinct from the estate of homestead."

It is conceded that the doctrine of that case is conclusive of the one at bar, if that case is to be maintained, and we are therefore asked to reconsider it.

The view insisted upon by appellants, and which seems to be sustained by the Massachusetts cases, is not only in direct conflict with the construction given by us, through a long line of decisions, to the acts of 1851 and 1857, but it would

in effect, as it seems to us, render inoperative and defeat one of the main objects of the amendatory act of 1873, which we have already noted. If, after all that has been said on this subject, we were to adopt the view of appellants merely because another court has done so, it would manifestly tend to unsettle the Homestead law of this State, and leave the whole subject in more or less confusion, without any compensating benefit.

In *White* v. *Plummer,* 96 Ill. 394, we held, where homestead premises had been assigned to a surviving wife, who had renounced the provisions of her husband's will, and had subsequently conveyed the same by deed in fee, and surrendered the possession thereof to her grantee, that the latter thereby acquired a good title to the same as against the devisee of the husband, during her life. The reasoning upon which that case rests, is substantially this: Upon the assignment of the homestead, the surviving widow became seized of a life estate in the homestead premises, which in value did not exceed $1000. As tenant for life, having an exclusive interest to the estate of homestead, she had an unquestioned right to rent it from year to year, or for any number of years, not to exceed the period of her own life. And since this would have been a sufficient occupancy of the premises to satisfy the statute, it was deemed not unreasonable to hold the sale and transfer valid, as they practically amounted to nothing more than a lease or number of leases for that period.

The principles recognized by the cases heretofore cited, particularly the last two, seem to fully sustain the views here expressed, and upon a careful review of the whole ground we see no reason for modifying them.

The judgment of the Appellate Court will, therefore, be affirmed.

*Judgment affirmed.*