HENRY PLUMMER

*v.*

ROBERT F. WHITE.

*Filed at Mt. Vernon January 18, 1882.*

1. FORMER ADJUDICATION—*as to homestead right.* Where in a suit in which the heirs and devisees of a deceased owner of land, occupied by him as a homestead, are parties, the premises are set off to the widow of the deceased as her homestead, this is an adjudication that up to that time she had not lost her homestead by abandonment.

2. HOMESTEAD—*not abandoned by a sale.* The alienation of the homestead by a widow after it has been set off to her, does not constitute an abandonment of it, but her grantee may hold the same against the heir.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

Mr. M. SCHÆFFER, for the appellant.

Mr. HENRY C. GOODNOW, for the appellee, on the question of abandonment of the homestead, cited *Walters* v. *The People,* 21 Ill. 178; *Vanzant* v. *Vanzant,* 23 id. 536; *Cipperly* v. *Rhodes,* 53 id. 346; *Potts et al.* v. *Davenport et al.* 79 id. 455; *Stevens* v. *Hollingsworth,* 74 id. 202.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This case was before this court at the May term, 1880, and an opinion was delivered in October, 1880. The leading facts of the case, as presented here now, do not differ essentially from those heretofore considered. For their statement we refer to the report of the case. *White* v. *Plummer,* 96 Ills. 394.

By the agreed statement, this land was set off to the widow, as her homestead, at the February term, 1879, and in August, 1879, she conveyed the same to White, the appellee. If, upon a hearing, at the February term, 1879, in a

proceeding wherein the heirs and devisees of her husband were parties, this land was set apart as her homestead, that of itself was a necessary adjudication that up to that time she had not lost her homestead right by abandonment. The case now presented contains no evidence tending to prove an abandonment, on her part, of the premises, after the decree, and before her conveyance to White.

Adhering to the view heretofore expressed, that alienation does not constitute abandonment, we find no ground for reversing the present judgment, and the same is therefore affirmed.

*Judgment affirmed.*