JOSEPH P. MAXWELL

*v.*

WILLIAM A. MAXWELL *et al.*

*Filed at Springfield, May 8, 1893.*

1. HOMSTEAD ESTATE—*how extinguished.* Under section 8 of the act relating to homesteads there are two modes by which a homestead estate may be extinguished: first by a release, waiver or conveyance in writing, subscribed by the householder and his wife, or by conveyance of the premises with abandonment, or giving possession pursuant to the deed.

2. SAME—*extinguished by giving possession.* A deed was made by a householder of premises not exceeding in value $1,000, which was the homestead of the grantor and his wife, the latter failing to join in the execution of the deed, but possession was not given to the grantee until after the death of the grantor's wife, when it was given pursuant to the deed: *Held*, that by the giving of possession the homestead was extinguished and the deed became operative.

APPEAL from the Circuit Court of DeWitt County; the Hon. GEO. W. HERDMAN, Judge, presiding.

Messrs. MOORE & WARNER, for the appellant.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

Stating only the facts pertaining to the question presented for our decision, the case is as follows: On the 22nd day of December, 1885, John Maxwell owned the east half of the northwest quarter of the northeast quarter of section 35, township 21 N., R. 1 east 3 P. M., DeWitt county, this State, upon which was a dwelling house, occupied by himself and wife, Elizabeth, as a residence. Said lot of land, and the buildings thereon, did not exceed in value

$1,000. On said day John Maxwell conveyed said property, so being his homestead, to his son, Joseph P. Maxwell, this appellant, his said wife, Elizabeth, not joining in the deed, and it being stated therein that the conveyance was subject to her dower and homestead. The husband and wife both continued to occupy said premises, as their home, until March 20th, 1886, when she died; whereupon the possession thereof was delivered by the husband to appellant, the grantee in said deed. On January 5, 1891, said John Maxwell died intestate, leaving him surviving children and grandchildren, heirs at law. Shortly after his death a part of these children and grandchildren filed this bill against appellant, and one John A. Maxwell, praying, among other things, that the above mentioned deed be set aside, and said premises, with other real estate described in the bill, partitioned. On the hearing a decree was entered granting the prayer of the bill as to the above described real estate, and denying all other relief prayed.

No brief or argument has been filed on behalf of appellees, but we understand, from what is said by counsel for appellant, that the ground upon which the court below set aside said deed from John Maxwell to appellant was that, it being an attempt to convey the homestead of the grantor therein, then having a wife, who did not sign or acknowledge the deed, the same was invalid. And so the question stated for our decision is: "Did the deed made by John Maxwell to Joseph P. Maxwell, for the premises in controversy, together with the possession of said premises, being given by John Maxwell after the death of his wife to Joseph P. Maxwell, pursuant to said deed, vest in Joseph P. Maxwell title, nothwithstanding John Maxwell's wife did not join in its execution, and it did not contain the statutory release of homestead."

As here stated, the whole question is settled by Sec. 4, Ch. 52, R. S. (S. & C., Vol. 1, 103), where, in providing how the estate of homestead may be extinguished, it is said:

"No release, waiver or conveyance of the estate so exempt shall be valid, unless the same is in writing, subscribed by said householder and his or her wife or husband, if he or she have one, \* \* \* \* or possession is abandoned, or given pursuant to the conveyance."

It is clear, by the terms of this section, as well as by the previous decisions of this court, the deed in question, of itself, was ineffectual to pass the title to said homestead to appellant. *Eldridge* v. *Pearce et al.*, 90 Ill. 474; *Browning et al.* v. *Harris et al.*, 99 Ill. 456; *McMahill et al.* v. *McMahill*, 105 Ill. 596; *Ketterlin* v. *Ins. Co.*, 134 Ill. 647.

It is equally clear that such a deed is valid, if "possession is abandoned, or given pursuant to the conveyance." Under the foregoing section of the statute there are two modes under which the homestead estate may be extinguished: "First, by a release, waiver or conveyance in writing, subscribed by such householder and his wife \* \* \* \* or, second, by conveyance of the premises, with abandonment, or giving possession." *McMahill et al.* v. *McMahill, supra*. The other cases cited also hold, in effect, that the conveyance is only invalid when possession is not abandoned, or given pursuant thereto. So it was said in *Moore* v. *Flynn et al.*, 135 Ill. 78: "It is also insisted that the law requires a certain form for the release of the homstead, and that no other form can be substituted for the required one. The propositions thus stated have application only to a case when possession is not given pursuant to the conveyance. A surrender of possession, pursuant to a conveyance of the property, is not an abandonment of the estate of homestead, but is, by virtue of the statute, an appropriate mode of transferring that estate."

It is true, the proposition above stated assumes that possession was delivered by John Maxwell to appellant, after the death of the wife, pursuant to said deed, but the proof is so clear and positive on that question, that no room is left for controversy upon it.

We are of the opinion that the decree below, holding said conveyance, invalid, is erroneous. It will, therefore, be reversed, and the cause will be remanded to the Circuit Court with directions to dismiss the bill.

*Reversed and remanded.*