Alexander v. Alexander.

---

**John J. Alexander v. Sarah L. Alexander.**

| 52 | 195 |
| 84 | 182 |
| 52 | 195 |
| 100 | ²684 |
| 52 | 195 |
| 104 | ¹154 |

1. PROPOSITIONS OF LAW—*Must Present Questions of Law.*—Where a proposition is not purely one of law, but rather in the nature of propositions of fact, it is properly refused.

2. TRIAL BY THE COURT—*How Regarded on Appeal.*—The finding of

the court is to be regarded with the same favor as the verdict of a jury, and the same presumptions will be indulged in order to support it.

3. USE AND OCCUPATION—*Contract to Pay Rent Must be Inferred.*—Assumpsit for use and occupation can not be maintained without a contract, express or implied, showing the relation of landlord and tenant to exist, yet a contract to pay rent may be inferred from the mere occupancy of premises, unless the character of the occupancy is such as to negative the idea of tenancy.

4. HOMESTEADS—*When the Husband Deserts the Wife.*—When the husband, being the owner of the fee of the homestead premises, deserts his wife, the right which the law devolves upon the wife is an exclusive estate, which she may enjoy without interference from her delinquent husband.

5. HOMESTEAD—*Deserted Wife Entitled to Rent.*—Where a wife, deserted by her husband, remains in the occupancy of the homestead, she will be entitled to the rents, and if a tenant pays the husband the rents accruing during the period of her exclusive right of enjoyment, it will be no bar to her demand for it from such tenant.

3. LANDLORD AND TENANT—*Liability to Pay Rent.*—Where a person is in the possession of premises without any express contract of leasing with anybody, yet is, in fact, a tenant and not a trespasser, the law will imply a liability to pay rent to the party legally entitled to it.

7. HUSBAND AND WIFE—*Homestead Rights.*—Where a husband deserts his wife, she becomes entitled to the rents of the homestead occupied by her previous to the desertion, and a part of it being in the occupancy of a tenant, she may maintain an action for the rents, or maintain trespass or forcible detainer against an intruder upon her possession.

**Memorandum.**—*Action for use and occupation. Appeal from the Circuit Court of Montgomery County; the Hon. JACOB FOUKE. Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed November 27, 1893.*

## STATEMENT OF THE CASE.

This action was brought before a justice of the peace to recover rent for the use of a storeroom. The plaintiff recovered and the defendant appealed to the Circuit Court, where, by agreement, a jury was waived and the cause submitted to the court upon the following agreed state of facts, viz :

That J. J. Alexander, Jr., son of defendant, was engaged, in Fillmore, Montgomery county, Illinois, in the mercantile business, in a house with two stories, situated on lot two (2) in block two (2) in said town. That in the upper story

he lived with his wife and child, and occupied the same as a homestead. That in the lower story he had his store and stock of goods. That there was an outside stairway from the upper story and an inside stairway that came down through the storeroom, and was used by the family to go down and through the storeroom into the back yard to the cistern, and for other purposes, and said premises were worth less than $1,000.

That J. J. Alexander, Jr., husband of plaintiff, left home about the last of October, 1891, without informing his wife or other persons of his destination; went to Arkansas and stayed two weeks; returned to the neighborhood of Fillmore for a few days; did not visit his store or family, and again left for Arkansas, and returned again with a bunch of cattle bought for his brother, and did not visit his family, and never has returned to them.

That he had in his employ one Hoyt, as clerk, when he left the first time, and was largely in debt to divers persons, and also to the defendant, his father. He left instructions with Hoyt to sell his stock of goods if he had an opportunity. Hoyt sold the stock of goods to defendant, and defendant took possession of the goods and storeroom and has remained in possession of said store up to the time of the commencement of this suit. That defendant never rented said storeroom from any one, and never agreed to pay the plaintiff any rent. That the plaintiff remained in said upstairs rooms for about two months after her husband left the first time, then temporarily moved to her father's, but left in the upstairs of said building, her personal effects. That plaintiff demanded the rent for said storeroom before beginning suit. That J. J. Alexander, Jr., when he returned the last time has remained at Fillmore, but has never resided with or provided in any way for his wife and child.

That about the time of the commencement of this suit the defendant paid J. J. Alexander the sum of one hundred and thirteen dollars ($113) as the rent on said storeroom for the time and as amount due at the beginning of this suit, and after plaintiff had demanded it from defendant, by

crediting J. J. Alexander on his indebtedness. It is further agreed that said J. J. Alexander, Jr., was the owner of said lot two (2) in block two (2) and the building thereon, in October, 1891, when he went the first time to Arkansas, and continued to be the owner thereof up to the commencement of this suit, and also owned said stock of goods until they were sold to the defendant, and was head of the family when he resided with the same. And it is also agreed that if the court finds for plaintiff the judgment shall be for $108, the amount recovered before the justice of the peace.

And this being all the evidence offered by either party, the defendant asked the court to hold the following propositions of law as the law of this case:

4. (Held.) That the action for use and occupation is founded upon contract and will only lie where there is a contract, express or implied.

Defendant, also, then and there moved the court to hold the following propositions of law to be the law of this case:

1. (Refused.) The court holds the law to be that before the plaintiff can recover in this case, the proof must show that the relation of landlord and tenant existed between the plaintiff and the defendant.

2. (Refused.) The court holds that the evidence in this case failing to show that the relation of landlord and tenant existed between the parties there can be no recovery by plaintiff.

3. (Refused.) The court holds that before there can be a recovery in action for rent, the evidence must show a contract, either express or implied, to pay rent.

5. (Refused.) The court holds that the evidence in this case fails to show any contract, express or implied, on part of the defendant, to pay plaintiff rent for the premises in question, and therefore plaintiff can not recover.

But the court refused to so hold and the defendant excepted, and the court rendered judgment for plaintiff and defendant excepted.

By the appeal of defendant the record is brought to this court and the case is presented upon the following:

Alexander v. Alexander.

## ASSIGNMENT OF ERRORS.

1. The judgment of the court is contrary to the law and the facts.

2. The court erred in not granting a new trial.

3. The court erred in not holding the propositions of law submitted by the defendant, and each and every one of them were the law of this case.

4. The judgment is contrary to the fourth proposition of law as held by the court.

LANE & COOPER, attorneys for appellant.

JAMES M. TRUITT, attorney for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The third assignment of error relates to the action of the court in refusing propositions of law. The principle contained in the first and third propositions was substantially and sufficiently announced in the fourth, which was held. The second and fifth were not propositions of law purely, but were rather in the nature of propositions of fact and were properly refused for that reason.

The first, second and fourth assignments of error may be considered together, and they present the single question, whether, upon the agreed facts, the plaintiff was entitled to recover.

The finding of the court is to be regarded with the same favor as the verdict of a jury, and the same presumptions will be indulged in order to support it. While it is true that assumpsit for use and occupation can not be maintained without a contract, express or implied, showing the relation of landlord and tenant to exist, yet a contract to pay rent may be inferred from the mere occupancy of premises unless the character of the occupancy is such as to negative the idea of tenancy. Wood on Landlord & Tenant, 8; Oakes v. Oakes, 16 Ill. 106. It may, therefore, be assumed that under the proofs the court was warranted in holding that appellant was the tenant of either the appellee or of her

husband, and so the question is, which of these was by law entitled to claim the rent.

It may further be assumed without difficulty that there was sufficient evidence to justify the conclusion that the husband had deserted the family; that the building in which the store room was contained was the family homestead, and that it was of the value of less than one thousand dollars. The inquiry is then narrowed down to the effect of such desertion.

Did it devolve upon the wife the right to enjoy the rents? It has been settled by repeated decisions that the amendment to the homestead law, passed in 1873, produced a radical change in the character of the homestead right and enlarged it to an estate. It is no longer a *mere* exemption. Browning v. Harris, 99 Ill. 456. By Sec. 2 of the act it is provided that "such exemption shall continue after the death of the householder for the benefit of the husband or wife surviving, as long as he or she continues to occupy such homestead, and of the children until the youngest child becomes twenty-one years of age, and in case the husband or wife shall desert his or her family, the exemption shall continue in favor of the one occupying the premises as a resident."

Although in this section the word "exemption" is used to designate the right referred to, yet the Supreme Court have treated the section, so far as the character of the right is concerned, as intending and contemplating the same thing as the first section, which enlarges the right to an estate. There would have been a gross want of harmony in the law with a construction which gave an estate to the husband while living, and the head of the family, but devolved a mere exemption upon the wife in case of his death or desertion. Moreover, such a construction would have defeated one of the expressed objects of the change, that is to protect the surviving husband or wife against partition proceedings.

In Browning v. Harris, *supra*, it was said that when the head of a family having an estate in fee in the homestead

Alexander v. Alexander.

premises dies, and the right of homestead is devolved upon the surviving wife by operation of law, a life estate is carved out of the fee for the purpose of such estate of homestead, and the heirs take a reversion in fee only expectant upon the termination of such life estate. In Rendleman v. Rendleman, 118 Ill. 257, it appeared that the husband had deserted the wife, and in discussing the rights of the wife in the homestead premises, the court remarked: " The wife having thus become the head of the family, the law at once clothed her with a right of homestead in the same premises. This right of homestead is expressly declared by the legislature to be an estate in the lot of ground and building to which the right attaches. Like all other estates it must be supported by a title. This title may be in fee, for life, or even for years, in the case of an extended term. In all cases the title must be either in the owner of the homestead right or in one who sustains or has sustained some special relation to such owner, or in the assignee of one sustaining or having sustained such special relation to the owner. The relations here alluded to are, of course, those of husband and wife and parent and child. With respect to the former it is unimportant whether the title to the homestead premises is in the husband or in the wife. Whether in the one or the other, the holder of the title can not deprive the other of the enjoyment of the homestead premises. Thus it is expressly provided by the second section of the act that in case the husband or wife shall desert his or her family, the exemption shall continue in favor of the one occupying the premises as a residence."

From the view thus taken, it must follow as a logical consequence that when the husband, being the owner of the fee of the homestead premises, deserts his wife, the right which the law devolves upon the wife is an exclusive estate which she may enjoy without interference from her delinquent husband.

If a tenant should pay the husband for rent accruing during the period of her exclusive right of enjoyment it would be no bar to her demand. In this case it is conceded by

counsel for appellant that while the latter had no express
contract of leasing with anybody, yet he was, in fact, a ten-
ant and not a trespasser; that is, that the law would imply
a liability to pay rent to the party legally entitled to claim it.

The only pretense of payment here was that after the ap-
pellee demanded the rent the appellant credited the amount
upon the indebtedness of the husband, and that without con-
sulting him.

The case of Dudding v. Hill, 15 Ill. 61, relied on by appel-
lant, is not in point because the facts are unlike those in the
case at bar.    Dudding had bought the property under exe-
cution against the husband, who died in possession.    After-
ward the wife left the premises, intending to return, but
Dudding took possession, claiming the right as owner to do
so, and then Mrs. Hill brought assumpsit for use and occupa-
tion.    The court said: "Dudding went into possession under
a claim of title and not as the tenant of Mrs. Hill.    His pos-
session was not subservient to her title but purely of an
adverse character."    It may be remarked also, that the case
arose before the passage of our original homestead law.

The present case is more like that of Oakes v. Oakes,
*supra.*    There the proof showed merely that the deceased
went into possession of the plaintiff's land and occupied it
for several years, and that the rental value was $300 per
annum.    The Supreme Court said: "There is no evidence
of an express contract for rent, nor is there any evidence
that the defendant's intestate was a trespasser or intruder
upon the land, or that he in any way held it against the
will of the owner, nor is it shown that there was any agree-
ment or understanding that the tenant was to enjoy the
land without rent.    Under such circumstances the law will
imply an agreement to pay a reasonable rent for the prem-
ises."

And the court reversed the judgment, which was for de-
fendant, because the trial court had misled the jury by an
instruction to the effect that the plaintiff must prove a con-
tract between the deceased and the plaintiff, creating the
relation of landlord and tenant as for the payment of rent,

it being thought that thereby the jury were led to suppose an express contract was necessary.

It is argued, however, in behalf of appellant, that whatever rights the appellee may have, the remedy is not at law, citing Mix v. King, 55 Ill. 434.

In that case the wife had been abandoned by the husband, leaving her in possession of the homestead, upon which there was a mortgage, in which the homestead was not released. Ejectment was brought by the purchaser at the mortgage sale, against the husband, and a judgment was obtained upon which a writ of possession was issued, under which the wife was put out of possession. She afterward filed her bill for an account of the rents and it was sustained. The court said she had no adequate remedy at law; that the judgment in ejectment against the husband was effective against her, and that she had no remedy by ejectment or by forcible detainer. This case, while clearly announcing the right to claim the rents, seems to support the view that remedy is not at law, but in equity, for an accounting.

It arose prior to the enactment of the amendment of 1873, by which the homestead right was raised to the dignity of an estate, which, as was said in Browning v. Harris, *supra*, is "carved out of the fee," and which, as we have seen, is the subject of the exclusive enjoyment of the party entitled to it, and is otherwise in its facts unlike the present case. We think it is not in point.

We see no reason why the appellee might not maintain trespass, or forcible detainer, against an intruder upon her possession, nor why she may not sue in assumpsit for the rent. The judgment will be affirmed.