William M. Gillie, William Godard and Phillip Perew v. John A. Bingham.

1.  PROPOSITIONS OF LAW—*When Properly Refused.*—Matter in the nature of requests to find specially the non-existence of certain ultimate facts of the case are not purely propositions of law and are properly refused.

**Assumpsit,** for attorney fees.  Trial in the Circuit Court of Fayette County; the Hon. SAMUEL L. DWIGHT, Judge, presiding.  Finding and judgment for plaintiff; appeal by defendants.  Heard in this court at the February term, 1899.  Affirmed.  Opinion filed September 5, 1899.

**Statement.**—Appellants were manufacturers of merry-go-rounds, at Tonawanda, New York.  In 1893 they sold a machine to Frank Stolle, of Vandalia, Ill., and, by various trades, four other persons, with Stolle, became liable to pay for the machine.  The indebtedness was evidenced by notes some of which were secured by mortgages on real estate.

Appellee was a practicing lawyer at Vandalia, in this State, and was a bonded attorney of the Snow Church Security Company, of New York City, a corporation doing a general collection business throughout the country.  At the same time there existed at Buffalo, New York, a separate corporation, known as the Snow Church Company, to whom appellants brought their claims against the various parties at Vandalia for collection.

At this time appellants had a special contract with Snow Church Company, of Buffalo, as to collection charges. When the claims were brought to Snow Church Company, of Buffalo, its manager told appellants that they

Gillie v. Bingham.

were not ordinary collections, and that charges would be made for reasonable attorney's fees and for actual disbursements. Appellants forbade the business being sent to other attorneys at Vandalia, in whose hands the claims had been prior thereto.

Appellee foreclosed two mortgages, one of which he found to cover land not owned by the mortgagor, and accordingly he filed a bill to correct the error and to foreclose the mortgage. Appellee also found the lands covered by the mortgages to have been sold for taxes, and he redeemed them from the tax sales, and appellants remitted these amounts through Snow Church Company. Appellee took a deficiency judgment against Stolle; he obtained two judgments on some of these claims; at the request of appellants appellee made two trips from Vandalia to St. Louis, Mo., to locate the merry-go-round held by appellants under chattel mortgage, it being claimed that the mortgagors had run the property out of the State. His actual expense for these trips was ten dollars. In addition appellee advanced $55.87 for taxes on the land and costs of suit in the various cases wherein appellants were plaintiffs or complainants.

All correspondence about the business was carried on between appellee and Snow Church Company, who in turn informed appellants, and appellants remitted various sums for costs and taxes to Snow Church Company, who forwarded the amounts to appellee. Appellee never had any correspondence or business dealings with appellants except as above stated.

Appellee commenced this suit of assumpsit and an attachment was issued as auxiliary thereto; the cause was tried before the court without a jury and a judgment was rendered in favor of appellee for $175. This judgment was based on the amount of money actually advanced by appellee and for attorney's fees. No question is raised as to the reasonableness of the fees, nor as to the propriety of having advanced $55.87 for taxes and costs, and the ten dollars advanced by appellee for expenses in hunting the merry-

go-round. The defense is based solely upon the alleged ground that there was no privity of contract between the parties to this suit.

HENRY & HOUSTON, attorneys for appellants.

BROWN & ALBERT, attorneys for appellee.

MR. JUSTICE BIGELOW delivered the opinion of the court.

Two propositions of law were submitted to the trial court to be held as the law of the case : First, that appellee was not agent of appellant in performing the legal services rendered; second, that the action would not lie for want of privity of contract.

The court declined to hold the propositions to be the law of the case, and this action of the court is assigned as error.

But it appears to us that neither of said propositions were purely propositions of law; they were rather in the nature of requests to find specially the non-existence of certain ultimate facts of the case. Alexander v. Alexander, 52 Ill. App. 195; First Nat. Bank v. Northwestern Bank, 152 Ill. 296.

If this case had been tried before a jury, and these propositions had been given by the court as instructions, they would in effect have withdrawn the case from the jury. The law is settled that, on demurrer to the evidence, not only what the testimony proves, but every inference that may be legitimately drawn from the evidence, stands admitted. Bartelott Co. v. International Bank, 119 Ill. 259; Joliet, Aurora & Northern Railway Co. v. Velie, 140 Ill. 59. So that the most favorable view that we can take of these so-called propositions of law is that they are in the nature of a demurrer to the evidence stating these specific reasons that ought to prevent a recovery.

The evidence in this case shows that appellants were told this was not an ordinary collection; if this is so they knew they had no right to rely upon their special contract with

Snow Church Company, and the inference may well be drawn that Snow Church Company acted as a mere intermediary agent in this matter between the parties to this suit. There is an entire absence of evidence that appellants paid Snow Church Company anything on their collections according to the contract rates, evidenced by the collection contract, and yet appellants have received certain lands in part satisfaction of their claims. The evidence shows they did not permit Snow Church Company to select certain other attorneys to do this work, and that appellee was satisfactory to them.

Appellants knew that Snow Church Company would not personally attend to the business matters in question. Upon the evidence, as it stands, it became a question of inference and reasoning whether Snow Church Company had authority to employ appellee to act on behalf of appellants, so as to bring in between the parties the privity of contract necessary to the maintenance of this action, or whether Snow Church Company employed appellee on their own account to assist them, and thereby exclude the privity of contract. Mechem on Agency, Secs. 192, 197, 690, 691.

There is evidence to support each theory (Anderson v. Alton Bank, 59 Ill. App. 589), and we can not say that the court erred in finding that privity of contract existed between the parties.

We think this case clearly differs from Bradstreet v. Everson et al., 72 Penn. 124, in this, that in that case the written receipt seems to have been the only authority for the employment of the agent, whereas, in this case, there is evidence tending to show that Snow Church Company had authority to engage the services of appellee for account of appellants. See Waterloo Milling Co. v. Kuenster & Co., 58 Ill. App. 61.

The judgment of the Circuit Court is affirmed.