## M. F. Blake v. Thomas Ashbrook.

1. WIDOWS—*Lease or Sale of Homestead or Dower Rights.*—When the homestead and dower rights of a widow are adjusted and determined she may lease or sell the same, and the vendee or lessee, as the case may be, will hold the same as tenant during the lifetime of such widow. A grantee of the fee acquires it subject to such tenancy and is not entitled to possession as against the tenant.

**Forcible Entry and Detainer.**—Appeal from the Circuit Court of Wayne County; the Hon. PRINCE A. PEARCE, Judge, presiding. Heard in this court at the February term, 1900. Affirmed. Opinion filed September 8, 1900.

H. TOMPKINS, attorney for appellant.

CREIGHTON & THOMAS, attorneys for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

Suit in forcible entry and detainer, commenced by appellant before a justice of the peace, and tried before the Circuit Court of Wayne County on appeal. By agreement jury was waived, and cause heard by the court. Judgment for appellee.

On February 15, 1897, John S. Blake died intestate, leaving Electa A. Blake, his widow, and M. F. Blake, appellant, and Elvina Howard, his children and only heirs at law. At the time of his death, John S. Blake was the owner of the land in controversy and also of other real estate not essential to be described. During the administration of deceased's estate, an agreement was made between the widow and the heirs relative to her rights in both the personal and real property of her deceased husband, as shown by the following instrument executed by the widow, and filed with the papers in the Probate Court by the administrator:

" ESTATE OF JOHN S. BLAKE, DECEASED.

STATE OF ILLINOIS, }
  Wayne County.  } ss.

I, Electa A. Blake, widow of John S. Blake, deceased, do hereby by these presents relinquish, release and set over all my claim of the widow of the deceased estate, to the personal property of said estate, also, dower interest in and to the real estate of said deceased, waiving all right that I may have, either in law or equity, therein or thereto, have to the heirs at law of said deceased, to wit, M. F. Blake and Elvina Howard, son and daughter of said deceased, in consideration of $300 to me in hand paid by the said M. F. Blake and Elvina Howard, the receipt whereof is hereby acknowledged, and in the further consideration that I am to have a lifetime dower in homestead as a residence, it being the northwest quarter of the southwest quarter in section 33, town two south, range five east, 3d P. M., and I hereby remise, release, convey and quit-claim to the said M.

F. Blake and Elvina Howard, all my interest in and to the above real estate except as so reserved as above, and I also remise, release, convey and quit-claim the following described real estate, to wit, the S. W. ¼ of S. W. ¼ section 27, town 2 south, range 5 east, 3d P. M., also lots number 8 and 11, in E. Price's second addition to Middleton, Wayne Co., Ill., in and for the consideration as above specified, to have and to hold to themselves, their heirs, administrators or assigns, forever, hereby waiving all my rights therein or thereto.

Dated this 7th day of April, 1897.

ELECTA A. BLAKE. [SEAL.]"

This instrument was acknowledged and duly recorded. The heirs acquiesced in it, and accepted what the widow relinquished, thereby becoming parties to the agreement.

In December, 1897, after the above contract was executed and accepted, the widow leased, in writing, the forty acres reserved and set apart to her, to appellee, "for a period of years commensurate with her natural life, or so long as she may live." The appellee agreed to pay said widow "the sum of $50 per year for the rent or lease of said land or premises."

Appellant purchased the interest of his sister, Mrs. Howard, in April, 1898, and on December 24, 1898, received a deed from the widow, conveying her interest in the forty acres leased to appellee. After leasing the land in question to appellee, Mrs. Blake went to Iowa, and has been away from the place ever since, except for a short time in the fall of 1898. At the time appellant purchased, and when he received the deed conveying the interest of the widow in the land set off to her by the agreement quoted *supra*, appellee was in possession under his lease, and appellant was acquainted with its terms. There was no rent due under the terms of the lease on January 3, 1899, nor on January 6, 1899, when appellant demanded payment of rent or possession in sixty days.

On the trial below judgment was rendered for appellee, and against appellant, for costs, and he brings the case to this court on appeal.

The legal effect of the instrument executed by the widow on April 7, 1897, and its acceptance by the heirs of John

S. Blake, of whom appellant was one, was to adjust the dower and homestead rights of the widow in the land specified, to the same extent as if they had been adjusted and set off by order of court. The right to dower and the estate of homestead are created by law. Their limits may be determined by the agreement of the parties interested, and this was done in the present case. Pearce v. Pearce, 184 Ill. 289.

The relinquishment by the widow of all claim to the personal property of her husband, and to certain real estate as provided in the instrument of April 7th, for the consideration therein expressed of $300, and the dower and homestead therein reserved, and its acceptance by the heirs, adjusted and determined her dower and homestead rights, through which she had a life estate in the real property so reserved. Browning v. Harris, 99 Ill. 456.

This estate she could lease or sell. White v. Plummer, 96 Ill. 394; Plummer v. White, 101 Ill. 474, cited in Best v. Jenks, 123 Ill. 459.

Appellee, by the terms of his lease, held as tenant during the life of the widow. Appellant, by his deed, acquired the fee subject to this tenancy. He was not entitled to possession as against appellee.

The judgment of the court is therefore affirmed.