OLIVER OAKES, Appellant, *v.* ANN OAKES, Administratrix of John Oakes, deceased, Appellee.

### APPEAL FROM SCOTT.

Where it does not appear that a party is an intruder or trespasser on land, or that he holds it against the will of the owner, or that he is to enjoy the land without rent, the law will infer an implied agreement to pay a reasonable rent therefor.

The fact that an occupant is the son of the owner of the premises, is not sufficient to raise the legal conclusion that they were to be held rent free. Although slight evidence might justify such a conclusion.

A simple agreement, either express or implied, to pay rent, will authorize a recovery without an express contract for that purpose.

THIS was an action of assumpsit brought against the administratrix of the estate of John Oakes, deceased, upon an account filed in the probate office of Scott County, on the fifth day of January, 1854, and, by consent, taken to the circuit court of that county and tried at the October term of that court, before WOODSON, Judge, and a jury. Verdict and judgment for defendant.

The account was for a horse, saddle and bridle, charged March 8th, 1847; a wagon, charged November 15, 1848, and other articles at the same time; and for rent of farm prior to acquiring title from said Oliver Oakes, at $300 per year. To the declaration, defendant pleaded non assumpsit and the statute of limitations.

A son of the plaintiff testified, that in 1847 and 1848, his father had let deceased have a horse, saddle, bridle and wagon, charged in the account, but whether as a sale or gift he did not know; that deceased went into possession of the farm and occupied it from 1848 to 1853, a tract of land of about one hun-

dred acres; that for the last three years, the land was worth four dollars per acre; that witness had occupied the land before deceased took possession, and that the average value of the rent of the land was $300 per annum.

M. McConnel, for Appellant.

D. A. Smith, for Appellee.

Caton, J. We cannot feel satisfied with the verdict in this case. The claim for the horse, saddle, bridle and wagon were undoubtedly barred by the statute of limitations, but the rent was not, at least, a part of it. The evidence is that the defendant's intestate occupied the farm of the plaintiff for five years, from the year 1848 to 1852 inclusive, and that a reasonable rent ·for the place was three hundred dollars per year. There is no evidence of an express contract for rent, nor is there any evidence that the defendant's intestate was a trespasser or intruder upon the land, or that he in any way held it against the will of the owner; nor is it shown that there was any agreement or understanding that the tenant was to enjoy the land without rent. Under such circumstances the law will infer an implied agreement to pay a reasonable rent for the premises. There is only one single circumstance which the jury might consider in support of such an hypothesis; and that is, that the tenant was the son of the owner of the land. That single fact is not sufficient to raise the legal conclusion that the father designed to give the son the rent for nothing, although slight additional evidence of such an intention might be sufficient to warrant the jury in arriving at such a conclusion. Corroborating circumstances are entirely wanting in this case. It is most likely that the jury were misled by, or misunderstood, the second instruction given for the defendant. It is this: " That the plaintiff is not entitled to recover for any part of the rent sued for in this case, unless he has proven to the satisfaction of the jury that there was a contract between him and John Oaks, deceased, creating the relation of landlord and tenant, as for the payment of rent." Now, giving the word *contract* its technical meaning in this instruction, it is wrong; for a simple agreement, either express or implied, for the payment of rent, would entitle the plaintiff to recover, and so it was probably intended by the court. But it is most likely that the jury understood it as requiring an express contract, or at least agreement, for the payment of rent, before they could find for the plaintiff, and that, failing to find in the evidence any such express contract or agreement, they did not feel them-

selves called upon to look for an implied agreement in the circumstances. We think the case should be submitted to another jury. The judgment must be reversed and the cause remanded for another trial.

*Judgment reversed.*