CHARLES E. ROSE
v.
JOHN DAY.

*Action for Use and Occupation—Evidence of Title—Implied Agreement to Pay Rent.*

1.  Possession for sixteen years, and the payment of taxes under a claim of ownership, is sufficient evidence of title to sustain an action for use and occupation.

2.  Where it does not appear that a party is an intruder or trespasser on land, that he holds it against the will of the owner, or that he is to enjoy the land without rent, the law will infer an implied agreement to pay rent.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of Calhoun County; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Mr. J. S. CARR, for appellant.

To maintain a suit for use and occupation the plaintiff must prove an express contract to pay rent or prove that he is the owner of the land used.   Bailey v. Campbell, 1 Scam. 110.

The action for use and occupation is founded upon a contract, express or implied, and the relation of landlord and tenant must exist between the parties.   Dudding v. Hill, 15 Ill. 61.

It affirmatively appears by the testimony of the plaintiff himself that the defendant was, and had been for five years past, in the possession of the lands for which suit was demanded, and not only refused to pay rent to Day but told him that he, Day, had no right to the land, and there is not even a pretense that he entered under Day.   How then can it be said that the relation of landlord and tenant existed between them?

Messrs. BROWN & KIRBY, for appellee.

The law implied a promise on the part of appellant to pay for the use of the land.

The use of this strip of land was not adverse to Day but

in subordination to his rights. Winslow v. Cooper, 104 Ill. 235.

The circumstance that the land was not inclosed at the place where it was used by Mr. Rose is not material. Mr. Day had used and rented the other parts of the land continuously for years, and the deed was offered to enlarge the possession. Hubbard v. Kiddo, 87 Ill. 578; Austin v. Rust, 73 Ill. 491.

The question having been fairly submitted to the jury, their verdict should be conclusive of the facts.

Conger, J. This was an action originally commenced before a Justice of the Peace to recover for the use and occupation of a small piece or strip of land, lying between the street in front of appellant's store and the Mississippi River, used by the appellant as a landing or place from which to ship apples, and upon which he had wood piled.

Day had had possession of the quarter section of land of which the premises in controversy formed a part for the past sixteen years, paying all taxes upon it and claiming the whole under a deed purporting to convey the same to him. This was sufficient evidence of title in Day until rebutted to sustain an action for use and occupation. Keith v. Keith, 104 Ill. 397.

The only question of difficulty arising upon the record, is whether, under the circumstances as shown, an action for use and occupation can be maintained. No express contract of renting is shown. All that the evidence shows is that appellant had used the premises for five years past, and that a reasonable rent would be $10 per year.

We are inclined to hold, under the authority of Oaks v. Oaks, 16 Ill. 106, that the jury might be warranted in inferring an implied agreement to pay rent. That case holds that, " when it does not appear that a party is an intruder or trespasser on land, or that he holds it against the will of the owner, or that he is to enjoy the land without rent, the law will infer an implied agreement to pay a reasonable rent therefor." The judgment of the Circuit Court will be affirmed.

*Affirmed.*