FRANCES C. SANBORN

V.

HAYNES, GORDON & COMPANY.

| 26 | 335 |
|----|-----|
| 97 | ¹282 |

*Use and Occupation—Contract—Landlord and Tenant—Notice—Question of Fact—Conflict of Evidence.*

1. The action of assumpsit for use and occupation is founded upon contract, express or implied, and the relation of landlord and tenant must exist.

2. Where one continues to occupy premises after being notified by the owner that he will be expected to pay rent, he will be liable for use and occupation.

3. In the case presented, the evidence being sharply conflicting, this court declines to interfere with the finding by the court below that the plaintiff did not notify the defendants that they would be expected to pay the rent.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Messrs. FIFER & PHILLIPS, for appellant.

Messrs. KERRICK, LUCAS & SPENCER, for appellees.

WALL, J.    The present action was brought by the appellant against the appellees, assumpsit, for use and occupation of certain premises in the town of Chenoa.    The case was tried by the court, a jury being waived, and resulted in a judgment for $29.29 in favor of the plaintiff, from which the plaintiff appeals, and urges upon the record as here presented, that the judgment should have been much larger.

It appears that the lot in question was formerly owned by one Hicks, who had placed a mortgage upon it in favor of Zyber, and being indebted to Haynes, Jordan & Company, gave that firm a quit-claim deed.    The mortgagee pressing his claim and being about to file a bill to foreclose, took a deed from Haynes, Jordan & Company, as they say with the understanding that the frame building for the use of which this suit is brought should be reserved and that they should have the privilege of moving it off the lot, but paying as ground rent while it remained there the taxes assessed against the lot.    The present firm of Haynes, Gordon & Company succeeded Haynes, Jordan & Company, and continued to occupy the building.    They paid the taxes, which were accepted as the ground rent until the property was purchased by the appellant, when the point was made that, as there was found no reservation of the house in the deed, they had no right to it.

There was some discussion of the matter between the parties, both claiming the property, and finally proceedings for possession as well as this suit were instituted by appellant.

The action of assumpsit for use and occupation is founded upon contract, express or implied, and the relation of landlord and tenant must exist.    Dudding v. Hill, 15 Ill. 61; McNair v. Schwartz, 16 Ill. 24.

When it does not appear that a party is an intruder or a trespasser on land or that he holds it against the will of the owner, or that he is to enjoy the land without rent, the law

will raise an implied agreement to pay a reasonable rent therefor.    Oakes v. Oakes, 16 Ill. 106.

If one continues to occupy property after he has been notified by the owner that if he does so he will be expected to pay rent, the occupant will thereby become liable to the owner for use and occupation.    I. C. R. R. Co. v. Thompson, 116 Ill. 159.

The discussion in this case is mainly upon mere questions of fact, as to which there is sharp conflict, and the inquiry is whether, upon the evidence under the rules of law above stated, the judgment is a proper one.    It is clear there was no express agreement at any time, to pay rent for the building, the only express agreement ever made being for ground rent.    This was founded upon the understanding that the house was reserved, and was carried out for some years upon the supposition that such reservation was contained in the deed.    When at length it appeared there was no such reservation, and the ownership of the building was controverted, the payment of the ground rent ceased.    It is at this point that we find the difficult and serious question of fact—did the appellant notify the appellees that if they continued to occupy the building they would be expected to pay rent?    It is so asserted on the one side, and is positively denied on the other, and upon the answer must depend the question of liability.    Upon the solution of this question of fact turns the conclusion of law as to whether there is an agreement to be implied that the appellees would pay a reasonable rent for the building.

The court, sitting as a jury, found the issue for the defendants, and allowed the plaintiff the unpaid ground rent, of which defendants made no complaint.

We are unable to say that this finding is so far opposed to the evidence as to justify interference in this court.

The judgment will be affirmed.

*Judgment affirmed.*