## James N. Fender v. A. J. J. Rogers.

1. USE AND OCCUPATION—*Foundation of the Action.*—The action for use and occupation is founded upon a contract, express or implied, and to sustain the action it must appear that the relation of landlord and tenant existed between the parties or their privies.

2. SAME—*Where the Lessor's Possession is Adverse to the Owner.*— The rule that one who continues to occupy premises after being notified by the owner that he will be required to pay rent thereby becomes liable for the rent, does not apply where such possession is adverse and hostile to such owner and has been so from the beginning.

3. SAME—*Where the Action Will Not Lie.*—An action for use and occupation will not lie where there is no privity between the plaintiff and the person in possession.

Assumpsit, for use and occupation. Appeal from the County Court of Clay County; the Hon. JOHN R. BONNEY, Judge, presiding. Heard in this court at the February term, 1901. Affirmed. Opinion filed September 4, 1901.

G. A. HOFF and H. R. BOYLES, attorneys for appellant; FRANK F. NOLEMAN, of counsel.

A. M. ROSE, attorney for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action commenced before a justice of the peace, by appellant against appellee, to recover for use and occupation of a village lot, on which was situate a small stable. From the judgment rendered by the justice the case was appealed to the County Court of Clay County, where trial *de novo* was had, by jury, resulting in a verdict and judgment in favor of appellee.

.The action is based on the second clause of section one of the landlord and tenant act, Chap. 80, Starr & Curtis' Statutes. The statute provides that the owner of lands may sue for and recover a fair and reasonable satisfaction for the use and occupation thereof, when such lands are held and occupied by any person without any special agreement for rent.

So far as we are able to learn from the evidence in this case, one Mary A. Fender, on the 6th day of November, 1899, was in peaceable and lawful possession of the stable in question, and on that day leased it to appellee for a term of one year and put him into possession thereof. Thereafter on the same day appellee was served with notice as follows:

"IOLA, ILL., Nov. 6, 1899.

" A. J. ROGERS:

"Take notice that we, the undersigned, are the owners of the premises occupied by you, situate on lot seven (7), block two (2), in the village of Iola, Illinois, and that we hereby demand of you the immediate possession of the said premises, or that you pay to the undersigned the rent for the said premises. Also take notice that we shall, from this date, hold you personally liable to us for the rent, for the use and occupation of the said premises, and notify you not to pay any rent for the same to one Mary A. Fender. Yours, etc., Jas. N. Fender, Docia Williams, M. H. Fender, J. W. Fender, F. Fender."

It does not appear that appellee had any knowledge of any title or claim, on the part of any of these parties, to the premises prior to or at the time he entered into possession under said lease. His lessor was in peaceable and lawful possession, by what right or title does not appear, but it does inferentially appear that her possession was adverse and hostile to, and in no manner under or derived from appellant. Upon the trial appellant put in evidence a deed, bearing date February 16, 1890, from one Edward Fender, purporting to convey all the premises in dispute to appellant, but it does not appear that either he, or any of the said noticers, had ever had any kind of possession of any part of said premises under said deed or otherwise, or

that all or any of them had ever exercised any act of control over the same.

The action for use and occupation is founded upon a contract express or implied, and to sustain such action it must appear that the relation of landlord and tenant existed between the parties or their privies. Dudding v. Hill, 15 Ill. 61; Sanborn v. Haynes, Gordon & Co., 26 Ill. App. 335. We do not understand that counsel for appellant controvert this doctrine, but they rely on the rule that "one who continues to occupy premises after being notified by the owner that he will be required to pay rent, thereby becomes liable," and contend that such condition establishes the relation of landlord and tenant between the parties and brings the case within the statute upon which appellant's suit is based.

This rule does not apply where such possession is, and from the beginning was, adverse and hostile to such owner. Title in the plaintiff and use and occupation by the defendant are not enough to support this action. The action for use and occupation will not lie where there is no privity between the plaintiff and the person in possession. American and English Encyclopædia of Law, Vol. 12, 756 and 757; Dudding v. Hill, 15 Ill. 61; Oakes v. Oakes, 16 Ill. 106; Rose v. Day, 21 Ill. App. 139.

Appellee did not in any manner, directly or indirectly, enter into possession of or hold the premises in question by, through or under appellant. They did not sustain to each other the relation of landlord and tenant as to such premises. There was no privity between them, and consequently no liability on the part of appellee that could be enforced on the part of appellant, by the action resorted to.

The conclusions thus far reached are decisive of the case and render a discussion of the various errors assigned unnecessary. Such discussion would be wholly bootless. The judgment of the County Court is affirmed.