W. C. Walsh & Co., Appellee, v. Robert Taylor, Appellant.

Gen. No. 13,956.

USE AND OCCUPATION—*when recovery may be had for, notwithstanding absence of relation of landlord and tenant.* On proof of ownership by plaintiff and occupation by defendant, the owner is entitled to recover the reasonable rental value for the time of such occupancy unless an agreement is proven to exist between the parties that the occupancy was to be without rent. Fender v. Rogers, 97 Ill. App. 280, distinguished.

Assumpsit. Appeal from the County Court of Cook county; the

Walsh & Co. v. Taylor, 142 App. 46.

Hon. DAVID T. SMILEY, Judge, presiding.    Heard in this court at the October term, 1907.    Affirmed.    Opinion filed July 6, 1908.

WYETH & COONEY, for appellant.

DAVID O. DUNBAR, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an action for the use and occupation of a barn by appellant for the last eight months of the year 1905.   Appellee was the lessee of the fee owner, and had, at the time appellant entered, withdrawn physically from possession of the barn.   Appellant leased premises contiguous to and adjoining the barn, and finding the barn vacant moved into it and used, occupied and enjoyed the possession thereof during the months above mentioned.   Appellant contends that as the relationship of landlord and tenant did not exist between him and appellee, no action can be maintained for use and occupation.   Where one party occupies the premises of another, without any agreement for the payment of rent, the law implies a promise on the part of the occupant to pay for the use and occupation of such premises the reasonable rental value thereof.

On proof of ownership of plaintiff and occupation by defendant, the owner is entitled to recover the reasonable rental value for the time of such occupancy, unless an agreement is proven to exist between the parties that the occupancy was to be without rent.   Oakes v. Oakes, 16 Ill. 106; Rose v. Day, 21 Ill. App. 139.

Where the relation of landlord and tenant does not exist a contract to pay rent will be inferred from the mere occupation of the premises, and an action of assumpsit may be maintained for use and occupation.   Alexander v. Alexander, 52 *ibid.* 195.

Appellant makes no claim that the rental value of the barn is not in the sum fixed by the verdict of the jury and the judgment of the court.

Aside from the presumptions of law, the statutes of this State in terms give the same remedies to owners against occupants where the relation of landlord and tenant does not exist, as such owner would have if such relationship existed.

Section 1, chapter 80, R. S., provides "That the owner of lands may sue and recover rent therefor, or a fair and reasonable satisfaction for the use and occupation thereof, by action of debt or assumpsit, in any court of competent jurisdiction, in any of the following cases. * * * Second, when lands are held and occupied by any person without any special agreement for rent."

Section 14 is applicable to the situation of the parties in this suit. It is: "The grantees of any demised lands * * * shall have the same remedies by entry, action or otherwise * * * for the recovery of any rent as their grantor or lessor might have had."

Appellee, though a lessee of the fee owner, had a right to prosecute an action for use and occupation against appellant for the time he occupied the premises during the term of appellee's demise.

It follows from what has been said that the court properly refused to instruct the jury that the law does not imply a contract to pay rent so as to support an action for use and occupation, unless the relation of landlord and tenant exists between the parties. Instructions proffered to this effect, or containing such a pronouncement, not being the law, were properly refused; and although appellant contends that other instructions proffered by him and rejected by the court should have been given, yet, as counsel has failed to argue any reasons for his contentions, his objections must be regarded as waived.

There is no conflict between the law here announced and that laid down in Fender v. Rogers, 97 *ibid.* 280.

Here there are no divergent claims of title, while in the Fender case the whole dispute rested in conflicting claims of title. The occupant sued for use and

occupation, holding possession and claiming title hostile to that of the plaintiff. In this it is clearly distinguishable from the case at bar.

The judgment of the County Court being without error is affirmed.

*Affirmed.*