## Grand Union Tea Company, Appellee, v. John R. Hanna, Appellant.

### Gen. No. 5481.

1. LANDLORD AND TENANT—*when hold-over wilful.* If a lease has been duly terminated a hold-over justified only by inability to obtain other premises is wilful.

2. LANDLORD AND TENANT—*who may recover double rental for hold-over.* If the hold-over be wilful the grantee of the landlord may recover double rent as provided by section 2 of the Landlord and Tenant Act.

Action in debt. Appeal from the Circuit Court of Kane county; the HON. DUANE J. CARNES, Judge, presiding. Heard in this court at the April term, 1911. Affirmed. Opinion filed October 13, 1911.

JOHN M. RAYMOND and JOHN K. NEWHALL, for appellant.

JOHN S. SEARS and ROY J. SOLFISBURG, for appellee.

MR. PRESIDING JUSTICE GEORGE W. THOMPSON delivered the opinion of the court.

This is an action in debt brought by the Grand Union Tea Company against John R. Hanna, to recover double rent for the detention of certain demised premises because of the withholding of possession of

them after the termination of the lease. The case was tried without a jury upon a stipulation of facts substantially as follows: That on May 1, 1897, E. K. Isbell leased to defendant the premises in question for a period of five years; that thereafter defendant held over from year to year under the terms and conditions in the lease with the exception that from time to time by agreement of the parties the amount of the rent was increased; that on February 6, 1905, the landlord served a written notice upon defendant terminating the tenancy on May 1, 1905; that on January 12, 1905, the landlord leased the premises in question to plaintiff for a period of five years beginning May 1, 1905, at a stipulated monthly rental of $100; that defendant continued in the occupancy of the premises in question from May 1, 1905, until September 10, 1905, on which date he vacated them; that immediately after May 1, 1905, the plaintiff began a suit in forcible detainer before a justice of the peace for possession of the demised premises; that judgment was rendered in favor of appellee; that the defendant appealed from that judgment to the county court of Kane county; that the defendant took a change of venue from that court to the city court of Elgin and before suit was prosecuted to final judgment it was stricken from the docket, September 10, 1905; that on May 19, 1905, plaintiff and the landlord each served separate written notices on defendant demanding possession of the premises. The leases and various notices served on the defendant are attached to the stipulation and admitted in evidence. It is also stipulated that the fair cash monthly rental of the premises after May 1, 1905, was $100 per month. The defendant submitted propositions of law requesting the court to hold that under the agreed facts the plaintiff could only recover the stipulated rental value of the premises and that the plaintiff is not entitled to recover under the provisions of section 2 of chapter 80

of the Revised Statutes of Illinois. The court refused to hold the law as requested by the defendant and rendered judgment in favor of the plaintiff for $733, being double the rental value of the premises from May 19, until the defendant surrendered possession. The defendant appeals.

Appellant contends (1) that the holding over by appellant was not wilful; (2) that there was not such a wilful holding over by the appellant as would give the landlord the benefit of the provisions of the statute for double rent, and (3) that section 2 of chapter 80 does not give to a tenant the right to recover double the rental value from a former tenant who wilfully holds over, even if the landlord would have had that right if he had not released the premises.

The appellant had become a tenant from year to year, the year ending May first. The landlord gave a notice in writing under the provisions of section 5 of the Landlord and Tenant Act terminating the tenancy on May 1. The appellant not vacating the premises on May 1, as he was required by law to do, the new tenant brought suit in forcible detainer to recover possession. A judgment was rendered by the justice of the peace finding that the appellant unlawfully detained possession of the premises. The appellant appealed from that judgment to the county court, and apparently for the purpose of delay took a change of venue from the court he had appealed to, to the city court of Elgin, and then as soon as he had rented another building vacated the premises on September 10, when the forcible detainer suit was dismissed. The fact that he may have been unable to secure another building at an earlier time was no legal reason for his retaining possession of a building to which his lease had been terminated. It is very clear that the holding over by appellant was wilful and in defiance of law.

Appellant urges in support of his second contention that the statute does not embrace the case where a

landlord terminates a tenancy from year to year by giving sixty days' notice provided by the statute, and insists that the case of Stewart v. Hamilton, 66 Ill. 253, is conclusive of his contention. We do not so regard it, for the reason that in the Stewart case the lease did not expire at the end of a rental period or term but was forfeited by the landlord for the breach of a covenant not to assign, and it was sought to recover double rent in that case for the forfeited term which had not expired. The lease of appellant was not forfeited but was terminated at the expiration of the rental period by the notice provided by the statute. It was the expiration of a lease from year to year that ended the appellant's right of possession, and no forfeiture is involved. The term ended by expiration of the time the lease was to run, and the notice of the landlord merely prevented the tenant from entering upon a new term. If the landlord had not granted his right of possession to appellee by the new lease he would have had the right to sue for and recover double rent.

The remaining question for our determination is whether or not appellant is liable to the new tenant for only the fair cash rental for the premises or for double the rental value.

Appellant contends that the provisions of section 2, chapter 80 Revised Statutes of Illinois (Landlord and Tenant Act), do not permit a recovery for double rental by a tenant from a former tenant who wilfully holds over. Section 2 provides that "if any tenant * * * shall wilfully hold over * * * after the expiration of such term or terms and after demand made, in writing, for the possession thereof, by his or their landlord or lessor or the person to whom the remainder or reversion of such lands, tenements or hereditaments shall belong, such person shall, for the time such landlord or rightful owner be so kept out of possession, pay to the person so kept out of possession, or his legal representatives at the rate of double the yearly

value of the lands * * * so detained.'' This section is almost identical with the English statutes on that question, and under the English statute it was held in Blatchford v. Cole, 94 Eng. Com. Law 514, that a suit for double the rental value could only be maintained by the lessor or the landlord of the person entitled to the reversion, and not by one to whom the landlord had granted a new lease to commence at the expiration of the former lease, because such new lessee had no right until he actually obtained possession.

The Illinois statute contains a further provision which does not appear to be in the English Statute. Section 14 of the Landlord and Tenant Act provides: ''The grantees of any demised lands, tenements, rents or other hereditaments, or of the reversion thereof, the assignees of the lessor of any demise, and the heirs and personal representatives of the lessor, grantee or assignee, shall have the same remedies by entry, action or otherwise, for the nonperformance of any agreement in the lease, or for the recovery of any rent, or for the doing of any waste or other cause of forfeiture, as their grantor or lessor might have had if such reversion had remained in such lessor or grantor.''

When the landlord had made a new lease to the second tenant he had no right to prosecute a suit for the possession of the premises or for the recovery of rent to accrue after the expiration of the former lease from the first tenant; that right was only in the second tenant, the appellee here. Gazzolo v. Chambers, 73 Ill. 75; Thomasson v. Wilson, 146 Ill. 384; Walsh v. Taylor, 142 Ill. App. 46. If the lease from the landlord to appellee had provided that the landlord should put appellee into possession then the remedy would have been reserved to the landlord to prosecute the suit for possession and to recover for double rental. Alexander v. Loeb, 230 Ill. 454.

The landlord in the present case had no right of action against appellant for holding over into the new

term, and under the terms of the new lease the appellee owed the landlord a monthly rental of $100 from May 1, 1905, although he could not obtain possession of the premises because of the wilful withholding of them by appellant. If the lease to appellee was a grant, and if the appellee is a grantee of the landlord, then by virtue of section 14, the right accrues to the appellee to maintain his action for double rent against the prior tenant who wilfully held over after demand made in writing. Bouvier's Law Dictionary defines the word "grantee" as "He to whom a grant is made," and "grant" as "A generic term applicable to all transfers of real property" * * * "This word is taken largely where anything is granted or passed from one (the grantor) to another (the grantee), and in this sense it doth comprehend feoffment, bargains and sales, gifts, leases, charges and the like; for he that doth give or sell doth grant also * * * and so some grants are of the land or soil itself; and some are of some profit to be taken out of, or from the soil, as rent, common, etc.; and some are of goods and chattels; and some are of other things as authorities, elections, etc. Shepp. Touchst. 228."

The appellee was a grantee of the landlord and by section 14 "The grantees of any demised lands, * * * shall have the same remedies by entry, action or otherwise * * * for the recovery of any rent as the grantor or lessor might have had." Walsh v. Taylor, 142 Ill. App. 46. We are of the opinion that a reasonable construction of sections 2 and 14 gives the right to the second tenant to maintain a suit for double the rental value against a prior tenant wilfully holding over, and that the trial court correctly rendered judgment against appellant for double the rental value of the demised premises between the time of serving notice and of the surrender of the premises.

The judgment is affirmed.

*Affirmed.*