## UNITED STATES v. WHIPPLE HARDWARE CO.

(Circuit Court of Appeals, Third Circuit. December 6, 1911.)

No. 38 (1,559).

1. USE AND OCCUPATION (§ 1*)—IMPLIED AGREEMENT.

The law implies a contract to pay rent from the mere fact of occupation, unless the occupancy be such as to negative the existence of a tenancy.

[Ed. Note.—For other cases, see Use and Occupation, Cent. Dig. §§ 1–11; Dec. Dig. § 1.*]

2. APPEAL AND ERROR (§ 1050*)—REVIEW—HARMLESS ERROR—ADMISSION OF EVIDENCE.

In an action on an implied agreement to pay rent, where defendant was a tenant by sufferance, the admission in evidence of a conversation between defendant and an agent of plaintiff in regard to the amount of rent to be paid, which did not result in an agreement, even if error, was without prejudice to defendant.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1050.*]

3. USE AND OCCUPATION (§ 9*)—ACTION FOR RENT—EVIDENCE.

In an action on an implied agreement to pay rent, where defendant had previously occupied the premises under a lease, such lease was admissible in evidence on the question of the rental value of the property.

[Ed. Note.—For other cases, see Use and Occupation, Dec. Dig. § 9.*]

4. UNITED STATES (§ 57*)—PROPERTY "PURCHASED" FOR PUBLIC BUILDINGS—AUTHORITY TO RENT—CONSTRUCTION OF STATUTE.

Act June 30. 1906, c. 3916, § 24, 34 Stat. 788, which authorizes the Secretary of the Treasury to rent buildings on sites "purchased" for public buildings until their removal becomes necessary, applies as well to property acquired by condemnation proceedings.

[Ed. Note.—For other cases, see United States, Dec. Dig. § 57.*

For other definitions, see Words and Phrases, vol. 7, pp. 5853–5857; vol. 8, p. 7775.]

In Error to the Circuit Court of the United States for the District of New Jersey.

Action at law by the United States against the Whipple Hardware Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Louis G. Morten (Melosh & Morten, on the brief), for plaintiff in error.

H. P. Lindabury (John B. Vreeland, U. S. Atty., on the brief), for the United States.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

LANNING, Circuit Judge. This is an action by the United States against the Whipple Hardware Company for the use and occupation of property in Jersey City. While the defendant was in possession of the property as tenant under a lease, its interest therein, and that of its landlord, the owner of the property, were acquired by the United States, by condemnation, under the congressional act entitled:

"An act to increase the limit of cost of certain public buildings, to authorize the purchase of sites for public buildings, to authorize the erection and completion of public buildings, and for other purposes"—approved June 30, 1906 (34 Stat. at Large, 772).

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
191 F.—60

The final decree in the condemnation proceedings was entered April 21, 1909. The occupancy of the defendant continued from that date until April 13, 1910. There was a judgment in favor of the United States. This judgment the defendant now insists should be reversed.

One of the defendant's contentions is that it continued to occupy the premises after the title had been acquired by the United States, not as a tenant, but as a trespasser. This rather remarkable defense, if proven, would defeat this action. But it is not proven. The evidence shows clearly that the occupation continued with the consent of the United States. Repeated efforts were made by the agent of the United States to reach an agreement with the agent of the defendant as to the rental value of the premises. The defendant was never treated as a trespasser, and it never assumed to occupy the premises otherwise than lawfully. The effort on the part of the United States to make an express contract concerning the occupancy failed, but the obligation of the defendant to pay a reasonable sum for its use and occupancy remains.

[1] The law implies a contract to pay rent from the mere fact of occupation, unless the occupancy be such as to negative the existence of a tenancy. Chambers v. Ross, 25 N. J. Law, 295; 2 Saund. Pl. & Ev. 892, 893. In this case, as the trial judge said in his charge to the jury, there was nothing to negative the existence of a tenancy.

[2] It is objected, too, that the court admitted in evidence a conversation between the agent of the United States and the vice president of the defendant company concerning an effort to agree on the amount of rent to be paid by the defendant. Even if this admission was erroneous, it did not harm the defendant. The effort resulted in no agreement. The defendant was neither a trespasser nor a mere licensee. It was a tenant by the sufferance of the United States, and it was bound to pay a reasonable sum for its occupancy. How much should be paid was the question to be determined by the jury. The conversation referred to could not have had any influence with the jury prejudicial to the defendant.

[3] Another objection is that the court admitted in evidence the lease under which the defendant held the premises as tenant of the former owner. It was properly admitted for the purpose of showing the rental value of the property by showing what rent the defendant had been paying.

[4] Lastly, it is contended by the defendant that the United States had no authority to let the property after having condemned it for public use. The twenty-fourth section of the act under which the condemnation proceedings were had provides that:

"In case a site or addition to a site acquired under the provisions of this act contains a building or buildings, the Secretary of the Treasury is hereby authorized, in his discretion, to rent, until their removal becomes necessary, such of said buildings as may be purchased by the government, or the land on which the same may be located where the buildings are reserved by the venders, at a fair rental value." etc.

There was a building on the site here condemned, and, while the authority given to the Secretary of the Treasury is to rent buildings "purchased" by the government, the word "purchased" must be taken

in its legal sense, which includes all modes of acquisition except that of descent.

Finding no reversible error in the record, the judgment will be affirmed, with costs.