## John Gulliksen, Defendant in Error, v. White Eagle Brewing Company, Plaintiff in Error.

### Gen. No. 21,584.

1. ASSUMPSIT, ACTION OF, § 59*—*when action for use and occupation lies.* An action for use and occupation will generally lie where there is no question of plaintiff's title to the premises, but not where such title is questioned.

2. ASSUMPSIT, ACTION OF, § 59*—*when action for use and occupation lies against party in possession.* An action for use and occupation will lie by the owner of premises against a party in possession not holding under a hostile or adverse title after notice to pay rent; such was the rule at common law and has not been changed by the Landlord and Tenant Act (J. & A. ¶ 7039).

3. ASSUMPSIT, ACTION OF, § 89*—*when evidence is sufficient as to value of use and occupation of premises.* In an action for use and occupation, rent paid by a tenant is admissible in evidence as to the value of the use and occupation of the premises, and is sufficient.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Error to the Municipal Court of Chicago; the Hon. Edmund K. Jarecki, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed February 7, 1917.

Smietanka, Johnson & Molthrop, for plaintiff in error; James T. Fales, of counsel.

Christian C. H. Zillman, for defendant in error.

Mr. Justice Taylor delivered the opinion of the court.

The writ of error in this case is prosecuted to reverse a judgment rendered by the Municipal Court of Chicago in favor of the defendant in error (hereinafter designated the plaintiff) and against the plaintiff in error (hereinafter designated the defendant).

The plaintiff's statement of claim recited that the suit was brought for use and occupation by the defendant of the premises No. 2654 W. 20th street, Chicago, for the period beginning November 5, 1913, and ending November 17, 1914, at the rate of $65 per month; that said premises during all that time were owned by and the property of the plaintiff.

Defendant by its affidavit of merits denied that it was indebted to the plaintiff in the sum of $780, or any other sum, but admitted being in possession of the premises from November 25, 1913, to November 17, 1914, under a lease dated June 11, 1913, from one Catherine Piekarz, who, the defendant claimed, was the owner of the premises. The defendant also denied that the premises were the property of the plaintiff during the period in question. The case was tried on January 21, 1915, without a jury, and judgment was entered in favor of the plaintiff for the sum of $780 and costs.

The plaintiff offered in evidence a number of documents, one of which was a deed dated October 23, 1913,

executed by the bailiff of the Municipal Court, pursuant to a judgment obtained on May 1, 1912, against John Kieca and Katarzyna Kieca, conveying to the plaintiff (John Gulliksen) the premises in question. The plaintiff also offered in evidence a letter dated November 25, 1913, from the attorney of the plaintiff addressed to the defendant notifying it:

"That said Gulliksen is the owner of the property at 2654 W. 20th street now occupied by you under a lease from Katarzyna Kieca, and that as such owner the said Gulliksen claims the right of the premises from you and you are herewith notified and requested to pay all rents to said Gulliksen and that should you not comply with this request the said Gulliksen will hold you liable for use and occupancy of the premises."

The only other evidence offered by the plaintiff was the testimony of one Zillman, who stated that after sending the above letter he had a conversation over the telephone with the president of the defendant company; that the latter stated that the company was in possession of the premises under a written lease executed by Mrs. Kieca; that he, the witness, then told the president of the company that the plaintiff claimed the property under the bailiff's deed and that the plaintiff wanted the property and would hold the company liable for it; that the president of the company subsequently told him, the witness, that the company was paying $65 a month for the property; that the company was still in possession and that since the notice above mentioned was served upon it, the company had paid its lessee, Mrs. Kieca, the rent due at the rate of $65 per month.

The evidence was objected to by counsel for the defendant upon the ground that the action, being for use and occupation of the premises, the evidence was inadmissible, and further, that part of the evidence that pertained to the rent paid by the defendant was ob-

394    APPELLATE COURTS OF ILLINOIS.

Gulliksen v. White Eagle Brew. Co., 203 Ill. App. 391.

jected to on the ground that it does not tend in any way to prove the rental value of the premises in an action for use and occupation. Counsel for the defendant then moved to strike out all the evidence offered by plaintiff and for a finding in favor of the defendant. Both of which motions were overruled.

The plaintiff was then called under section 33 of the Municipal Court Act (J. & A. ¶ 3345) by the defendant and testified that he did not get into possession of the premises in question and had no lease or any contract with the defendant and that the defendant never agreed to pay him anything for use and occupation; that he, himself, never made any demand for actual possession but that, through his attorney, he made a demand for rent.

The defendant offered in evidence a lease dated June 11, 1913, from Catherine Piekarz to the defendant of the premises in question for a term of five years from November 1, 1913, to October 30, 1918, at $65 per month, and also offered in evidence testimony that the defendant was then in possession of the premises in question under said lease and that there was at that time pending in the Superior Court of Cook county, Illinois, in chancery, case number 38,418, a suit in equity brought by Katarzyna Kieca against Walter Gula, John Gulliksen and White Eagle Brewing Company to set aside as a cloud upon the title, on the ground of fraud, a deed from the bailiff of the Municipal Court of Chicago to John Gulliksen, which deed is the one hereinbefore mentioned. The defendant's evidence also showed that the defendant was in possession of the premises in question on the 11th day of June, 1913, and on November 26, 1914. The defendant contends that this is an action for use and occupation and that as there was no contract, express or implied, between the plaintiff and defendant, no recovery can be allowed. The defendant places great emphasis on

the case of *Fender v. Rogers,* 97 Ill. App. 280.   In that
case the title of the lessor did not appear, but the court
says: "It does inferentially appear that her (lessor)
possession (which preceded lessee's) was adverse and
hostile to, and in no manner under or derived from ap-
pellant."   There is obvious conflict in the statements
of the law as they appear in many dicta in the cases
that have to do with this subject; and the confusion
seems to arise by reason of the fact that in some cases
there is no question as to who has the title and there-
fore the right of possession, while, in others, the evi-
dence does not sufficiently prove who has the title and
therefore who has the right to possession.   In the lat-
ter class of cases generally a suit for use and occupa-
tion will not lie while in the former it will.   The *Fen-
der* case *(supra)* and *Hill v. Coal Valley Min. Co.,* 103
Ill. App. 41, belong to the latter.   In the instant case
there is no evidence of an adverse or hostile title.   The
defendant makes the claim in his affidavit of merits
and his argument; but as long as there is no evidence
in support of that position, we must presume what the
evidence proves, that is, the title to the premises since
October 23, 1913, has been in the plaintiff.   In fact in
the brief of the defendant it is stated that, "The title
of Mrs. Kieca was sold out by the bailiff of the Mu-
nicipal Court in an action brought against Mrs. Kieca,
the lessor of the Brewing Company."   The case is
therefore simplified and resolves itself into one
wherein an owner of real estate, after notifying a
party in possession, which possession is not based on
a hostile or adverse title, to pay all future rent to him
or to be held liable for use and occupation.   This case
may be considered as a simple suit by the owner
against one in possession who was notified in season
that he would be held liable for occupying and using
the property.   The plaintiff might have sued him in
ejectment or forcible entry and detainer; he saw fit,

however, to rely upon the notice he gave and then sue him for the user. Such a cause of action was good at common law and that right has not been extinguished by the Landlord and Tenant Act. The defendant claims no defense save the technical one that such an action will not lie for use and occupation. We have been unable to find any such law. There are misleading dicta, but no apt decisions.

The defendant contends that the evidence as to the value of the use and occupation was incompetent and insufficient. We are of the opinion that the evidence was proper and, there being none in opposition, it was sufficient. *United States v. Whipple Hardware Co.,* 191 Fed. 945.

Finding no errors that justify a reversal, the judgment will be affirmed.

*Affirmed.*