## BRADFORD v. INDIANA HARBOR BELT R. CO.

(Circuit Court of Appeals, Seventh Circuit. January 25, 1927.)

No. 3777.

1. Corporations �kö55661(2)—Foreign corporation, not having complied with state law, may rely on executed contract as defense to suit for rent (Cahill's St. Ill. 1921, p. 2158, c. 80).

In suit under Cahill's St. Ill. 1921, c. 80, against foreign corporation for rent for use and occupation, defense of possession under contract may be relied on though such corporation had not complied with Illinois law relating to foreign corporations, since contract was executed, and consideration fixed in contract had been paid.

2. Corporations ⊫655657(3)—Assignment of interest in contract to foreign corporation, not complying with state law, is not void.

Assignment of interest in contract to foreign corporation, which had not complied with state law relating to foreign corporations is not void.

3. Corporations ⊫655657(3)—Contracts of foreign corporation, failing to qualify under Illinois law, are not void.

Contracts of foreign corporation, failing to qualify under Illinois statute to do business within state, are not void.

4. Use and occupation ⊫651—Owner, authorizing contract with railroad by companies controlled by him for use of land owned by him, could not recover rent for railroad's use and occupation, on theory of relation of landlord and tenant (Cahill's St. Ill. 1921, p. 2158, c. 80).

Where companies controlled by landowner entered into contract with railroad under his directions for use of Y situated thereon, owner could not thereafter recover for use and occupation, under Cahill's St. Ill. 1921, p. 2158, c. 80, on theory of relation of landlord and tenant.

In Error to the District Court of the United States for the District of Indiana.

Suit by William A. Bradford against the Indiana Harbor Belt Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

C. C. Shirley, of Indianapolis, Ind., for plaintiff in error.

Sidney C. Murray, of Chicago, Ill., and S. D. Miller and Thomas D. Stevenson, both of Indianapolis, Ind., for defendant in error.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. To gain an entrance into Chicago for a railroad owned by him and under his control, plaintiff built a short road, and caused the two roads to enter into a contract on February 23, 1907, with the Chicago Junction Railway Company for a necessary connecting Y between the latter's tracks and the tracks of the Illinois Central Railroad. The Chicago Junction Company and its assigns were to have the use of the Y rent free.

Plaintiff's companies, not having the money to buy the land and build the Y, plaintiff furnished it, and, by his direction, the title to the land was placed in his name. The details of making and carrying out the contract were left by plaintiff to other officers of his companies, and all parties to the contract entered upon the use of the Y under its terms. Later, the Junction Company assigned its interest in the contract to defendant, and defendant continued in the use of the Y under the contract, with possible voluntary interruptions, until possession was surrendered in 1921, within the five days specified in plaintiff's personal demand therefor.

The jury rendered a verdict in favor of defendant in plaintiff's suit for rent for the use and occupation of the Y premises, based on the following Illinois statute:

"Section 1. That the owner of lands, his executors or administrators, may sue for and recover rent therefor, or a fair and reasonable satisfaction for the use and occupation thereof, by action of debt or assumpsit, in any court of competent jurisdiction, in any of the following cases: * * *

"Second. When lands are held and occupied by any person without any special agreement for rent."

Chapter 80, Cahill's Stats. Ill. 1921, p. 2158.

Plaintiff urges, as reasons why defendant cannot rely upon its defense of possession under the contract: (a) That the Y was in Illinois, and defendant, an Indiana corporation, had not complied with the Illinois law relating to foreign corporations; (b) that the contract had been abandoned.

There is no evidence to support any theory of abandonment.

There are three answers to proposition (a):

[1] 1. The suit was for rent for a time before plaintiff's demand. The contract was at that time executed. The defendant had paid, and plaintiff's roads had received, the consideration fixed in the contract.

[2] 2. The assignment was not void. Fritts v. Palmer, 132 U. S. 282, 10 S. Ct. 93, 33 L. Ed. 317.

[3] 3. Under the Illinois law, a foreign corporation, failing to qualify to do business within the state, is subject to two penalties: (a) It may be fined; (b) it may not maintain a suit in the Illinois state courts. While there are Illinois cases holding that an unqualified foreign corporation's contracts are void, it is quite apparent, from all the authorities in that state, that that is not true, even in Illinois. Ryerson v. Shaw, 277 Ill. 524, 530, 115 N. E. 650. In a suit in the state courts, such a corporation whether sued or being sued, must abide by its contract, unless the question of its failure to qualify is raised by the opposite party. The Illinois statute does not make the contracts of such corporations void, and in such cases the federal courts are open to such corporations, both to sue and defend. David Lupton's Sons v. Auto. Club, 225 U. S. 489, 32 S. Ct. 711, 56 L. Ed. 1177, Ann. Cas. 1914A, 699; Kawin & Co. v. Am. Colortype Co. (C. C. A.) 243 F. 317; Vitagraph Co. v. Twentieth Century Co. (C. C.) 157 F. 699.

[4] Although the plaintiff furnished the money and took the land title in his own name, he directed his companies to, and they did, make the contract in their own names, and in their own names carried it out. Under those circumstances, there could not be, while the contract was in force, the relation of landlord and tenant between the plaintiff and defendant, and without that relation there could be no recovery. Hadley v. Morrison, 39 Ill. 392, 400; Marr v. Ray, 151 Ill. 340, 346, 37 N. E. 1029, 26 L. R. A. 799; Oakes v. Oakes, 16 Ill. 106; Gulliksen v. White Eagle Brew. Co., 203 Ill. App. 391, 395, and cases there cited; Claussen v. Claussen, 279 Ill. 99, 105, 116 N. E. 693; Chicago Terminal R. R. Co. v. Winslow, 216 Ill. 166, 171, 74 N. E. 815; Lloyd v. Hough, 1 How. (42 U. S.) 153, 158, 11 L. Ed. 83; West v. Smith, 8 How. (49 U. S.) 402, 412, 12 L. Ed. 1130; Hill v. U. S., 149 U. S. 593, 598, 13 S. Ct. 1011, 37 L. Ed. 862; Bigby v. U. S., 188 U. S. 400, 405, 23 S. Ct. 468, 47 L. Ed. 519.

Walsh v. Taylor, 142 Ill. App. 46, 47, cit-

ed by plaintiff, does not correctly state the rule as laid down in the Oakes Case and in Rose v. Day, 21 Ill. App. 139, upon which it is based.

The judgment is affirmed.