Harry J. Lurie, Appellee, v. William Brewer, Appellant.

Gen. No. 32,282.

Opinion filed May 2, 1928.

ZEDRICK T. BRADEN and MORRIS, CASHIN & DICKERSON, for appellant.

JOHN FOSTER, for appellee; SYDNEY R. DREBIN, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an action brought by plaintiffs against the defendant for rent for use and occupation of the store premises at 629 East 43rd street, Chicago, occupied,

as a drug store by the defendant. The rent claimed is for the months of June, July, August and September, 1925, and a balance of $10 due for May, 1925. Plaintiffs proved their ownership of the premises and the occupancy during the time aforesaid by the defendant. It appears that the defendant allowed the store in question to be operated in the name of his son, Chester W. Brewer, but that as a matter of fact paid plaintiffs for the use of said store at the rate of $150 a month from July, 1924, to May, 1925, and that thereafter during the time aforesaid defendant continued in the possession of said store without the payment of rent. Plaintiffs introduced evidence of the rental value of said premises, and it was fixed at the sum of $150 a month, being the rental value inferentially placed thereon by the defendant himself, as that was the monthly rental he actually paid while his son Chester was in the colorable occupancy of the premises, but in fact the defendant occupied the premises and operated the drug store.

There was originally a judgment by default, which was vacated and set aside, and the defendant let in to defend on the merits. There was a trial before the court and a finding and judgment in favor of plaintiffs for the sum of $610, from which judgment defendant prosecutes this appeal.

Since the perfecting of the appeal the death of Julia D. Lurie has been suggested and the cause allowed by order to proceed in the name of the surviving plaintiff, Harry J. Lurie.

There was received in evidence for plaintiffs a bill filed in the superior court by William Brewer, defendant herein, against the mayor and chief of police of Chicago, in which Brewer alleged inter alia that he had been the owner and proprietor of a certain establishment, to wit, a drug store located at 629 East 43rd street, Chicago; that the place was leased by him at a monthly rental of $150, and that in addition

thereto he has chattel mortgages outstanding convey-
ing the fixtures of said drug store; that he is also
liable for weekly payments to employees to the amount
of $85 per week.

In defendant's affidavit of merits he denies plain-
tiffs' claim as alleged in their statement of claim;
denies that plaintiffs were the owners of the premises
in question in July, 1924, or at any other time; denies
that he, at and prior to July, 1924, was the actual
owner of the drug store at 629 East 43rd street, Chi-
cago, or at any other place in manner plaintiffs allege
in their statement of claim; denies that he permitted
the drug store to be operated under the nominal owner-
ship of his son as averred by plaintiffs in their state-
ment of claim; denies that he paid plaintiffs $150 per
month from July, 1924 to May, 1925, as alleged in said
statement; and denies that he owes the plaintiffs any
sum of money whatever; denies that the fair and rea-
sonable rental value of the premises is as set forth
in plaintiffs' statement of claim, $150 a month, and
denies singly and collectively each and every allega-
tion of plaintiffs in their statement of claim.

We think it is a reasonable inference from what
the record contains that, at one time or another, de-
fendant committed wilful and corrupt perjury; that is,
either in his bill for injunction, wherein he swore that
he had been the owner and proprietor of the drug
store at 629 East 43rd street, and that it was leased
by him for a monthly rental of $150 a month, etc., or
in his affidavit of defense wherein he denies that at and
prior to July, 1924, he was the actual owner of the
drug store at 629 East 43rd street. The averments
of the bill for injunction and those of the affidavit of
defense of defendant are contrary to each other. We
mention these facts as affecting the credibility of the
defendant Brewer and evidencing not only his unre-
liability, but his willingness in a reckless way to com-
mit such perjury as he might deem necessary to suit

the condition in which he finds himself, first as complainant in the bill for injunction, and secondly, in defending the suit at bar.

We think it clear from the proofs that the defendant did conduct the drug store himself in a colorable way under the name of his son, and that under the law plaintiffs had a right to treat him as an undisclosed principal. Whether the relation of landlord and tenant existed between the parties is immaterial so far as the right which plaintiffs had to proceed against defendant for the rent claimed for the months of June, July, August, September and part of May, 1925, as they proved that during that time he was in possession of the premises and operating therein a drug store. We think *W. C. Walsh & Co. v. Taylor,* 142 Ill. App. 46, is apropos of the facts in this case and therefore controls it as a matter of law, where the court said:

"Appellant contends that as the relationship of landlord and tenant did not exist between him and appellee, no action can be maintained for use and occupation. Where one party occupies the premises of another, without any agreement for the payment of rent, the law implies a promise on the part of the occupant to pay for the use and occupation of such premises the reasonable rental value thereof.

"On proof of ownership of plaintiff and occupation by defendant, the owner is entitled to recover the reasonable rental value for the time of such occupancy, unless an agreement is proven to exist between the parties that the occupancy was to be without rent. *Oakes v. Oakes,* 16 Ill. 106; *Rose v. Day.* 21 Ill. App. 139.

"Where the relation of landlord and tenant does not exist a contract to pay rent will be inferred from the mere occupation of the premises, and an action of assumpsit may be maintained for use and occupation. *Alexander v. Alexander,* 52 ibid. 195.

"Appellant makes no claim that the rental value of the barn is not in the sum fixed by the verdict of the jury and the judgment of the court.

"Aside from the presumptions of law, the statutes of this State in terms give the same remedies to owners against occupants where the relation of landlord and tenant does not exist, as such owner would have if such relationship existed."

We think the foregoing is on all fours with the case at bar and a complete refutation of defendant's contention. (*Jackson v. Reeter*, 201 Ill. App. 29.)

No countervailing proof was offered by defendant as to the rental value of the premises for the months for which plaintiffs claimed rent from defendant. If it is true, as claimed by defendant, that Chester Brewer made a deposit of $170 on the lease of the premises held by him, such deposit "to apply as rent for the month of April, 1928," this in no way affects disputes between the parties to the suit.

Counsel assign and argue for error the sustaining by the trial court of an objection to the question put to plaintiffs' witness Hunt "To whom were you looking for the rent?" Objection thereto was properly sustained. The question was not as to whom plaintiffs were looking to for rent, but as to whether defendant was liable or not.

When the cause came to trial defendant moved for a change of venue without a petition therefor, and also made a motion for a continuance. There was no error committed in the denial of either of these motions.

Defendant contends that the judgment is in favor of plaintiff when it should have been in the plural number. We think that taking the record altogether the judgment may be read as being in favor of the plaintiffs, for at the most it is but a clerical error. All of the recitations both in the pleadings, affidavits and other recitals, both by the plaintiffs and the defendant,

refer to plaintiffs in the plural and not in the singular. Any recitals inconsistent with the foregoing are typographical errors and the legal effect thereof will be given by the court. It would be ridiculous to reverse this judgment on such a flimsy pretense that in one instance in the transcript, but not in the judgment, the plaintiffs were recited in the singular instead of the plural number.

This is a fourth-class action in the municipal court of Chicago, where no written pleadings are necessary. The claim is what the evidence makes it, as this court held in *Paris Flouring Co. v. Imperial & Cotto Milling Co.*, 181 Ill. App. 215, and also the Supreme Court in *Edgerton v. Chicago, R. I. & P. R. Co.*, 240 Ill. 311.

There is no merit either in fact or law to the defense of defendant. Under the proofs the trial court could not have arrived at any other conclusion than that evidenced by its finding and judgment. Therefore the judgment of the municipal court is affirmed.

*Affirmed.*

TAYLOR, P. J., and WILSON, J., concur.