NELSON K. MINTZ AND EDITH KOLOVSKY, TRUSTEES UNDER THE WILL OF GEORGE J. MINTZ, ALVIN R. MINTZ AND NELSON K. MINTZ, LANDLORDS, PLAINTIFFS, v. METROPOLITAN LIFE INSURANCE COMPANY, A NEW YORK CORPORATION, TENANT, DEFENDANT.

District Court, Morris County.

July 28, 1977.

330

*Mr. Richard L. Plotkin* for plaintiff landlords (*Messrs. Pitney, Hardin & Kipp,* attorneys).

*Terry V. Hauser* for defendant-tenant (*Messrs. McCarter & English,* attorneys).

MacKenzie, J. C. C., Temporarily Assigned. Plaintiffs, Nelson K. Mintz and Edith Kolovsky, trustees under the will of George J. Mintz, Alvin R. Mintz and Nelson K. Mintz (hereinafter landlord) seek possession of certain premises from defendant Metropolitan Life Insurance Company (tenant) pursuant to *N. J. S. A.* 2A:18–53(a).

The leased premises owned by the landlord consist of a one-story office building and parking area at 209–211 South Street, Morristown, New Jersey. Tenant is presently in pos-

session of these premises, as it has been since 1956 under prior leases.

There is sufficient credible evidence that, by renewal agreement dated December 1, 1976, tenant leased the premises for a term of six months commencing January 1, 1977 and terminating on June 30, 1977, at the monthly rate of $4,000. By letter dated June 27, 1977 the landlord notified tenant that the premises were to be leased to a third party. Tenant did not vacate the premises on or before June 30, 1977, and continued to remain in possession. On July 1, 1977 a notice and demand for possession was served on the tenant demanding that it deliver immediate possession of the premises, the term of its lease having expired on June 30, 1977. This summary dispossess proceeding was instituted as a result of tenant's noncompliance with landlord's demand.[1]

*N. J. S. A.* 2A:18–53 provides for summary dispossession in certain circumstances. Whether this case is one in which relief is available pursuant to *N. J. S. A.* 2A:18–53 depends upon whether applicable statutory notice requirements, which are prerequisites to maintenance of such an action, were satisfied, and upon the characterization of the relationship between plaintiffs and defendant. Plaintiffs assert that the tenant was not entitled to any prior notice to quit the leased premises; the tenant claims it was entitled to six months' prior notice to quit. Plaintiffs assert that the tenant is but a trespasser or at most a tenant at sufferance; tenant claims its status is that of a hold-over tenant, entitled, as such, to a notice to quit. The court finds that tenant was not entitled to any prior notice to quit the leased premises. The court further finds that its status after the expiration of the lease was that of a tenant at sufferance.

---

[1]Tenant declined a suggestion that a transfer of the action to the Superior Court be sought, *N. J. S. A.* 2A:18–60; and see, *Morrocco v. Felton*, 112 *N. J. Super.* 226 (Law Div. 1970), and *Master Auto Parts, Inc. v. M & M Shoes, Inc.*, 105 *N. J. Super.* 49 (App. Div. 1969), for an expression of the factors which the Superior Court may consider on application for transfer.

■ *N. J. S. A.* 2A:18–56 provides that proof of notice to quit is a prerequisite to any judgment under *N. J. S. A.* 2A: 18–53. *N. J. S. A.* 2A:18–56 enumerates particular types of tenancies and sets forth the corresponding requisite notice to quit for each such particular type of tenancy.

It should be noted that *N. J. S. A.* 2A:18–56 applies only to renewable tenancies. This statute is not applicable to fixed-term, nonrenewable tenancies. If *N. J. S. A.* 2A:18–56(c) were read to apply to fixed-term, nonrenewable tenancies, as defendant suggests, the incongruous result would be that a landlord would have to give his tenant notice to quit immediately upon the execution of the lease. Such an illogical result could not have been contemplated by the Legislature in enacting or amending in 1975 *N. J. S. A.* 2A: 18–56, which represents essentially a tenant's statutory due process protection.

Tenants under renewable leases might be said to have a certain expectancy of continued occupancy, and thus are entitled to sufficient notice before being removed from the leasehold. The notice requirement prevents undue hardship to such tenants resulting from unexpected nonrenewal of their leases. It may be said that the expectancy triggers the notice requirement.

The same reasoning does not apply to tenants under fixed-term, nonrenewable leases. Where a tenant has entered into a fixed-term, nonrenewable lease he has contracted for possession of the premises for only a given period of time. If he includes notice provisions in the lease contract, he has protected himself to some degree. If he does not, he has implicitly bargained for a limited possession. He has no expectancy beyond that limited possession. There is no reason for the law to protect him from what is merely the natural termination of his contract. If he has not bargained for notice in his lease contract, his only expectancy is that, in fact, his right to possession will terminate at the end of the contractual period.

Such is the case herein. Neither the six month lease nor the original lease which it incorporates by reference contain any provisions as to notice to quit. The tenant is bound by the contractual terms or, more accurately, by the absence of any provision respecting notice to quit in its lease. Thus, defendant has no basis for claiming either a statutory or a contractual right of notice to quit.

■■ As to the second point at issue, the court, as previously stated, finds that defendant's status after the expiration of the lease on June 30, 1977 was that of a tenant at sufferance. A tenancy at sufferance arises when a person enters into possession of property with the consent of the owner, and remains in possession after the expiration of that right of possession. The requisites for a tenancy at sufferance are (1) lawful entry and (2) a holding over after the termination of the right under which he entered. As was stated in *Standard Realty Co. v. Gates,* 99 *N. J. Eq.* 271 (Ch. 1926):

A tenant at sufferance is one who comes into possession of land by lawful title, usually by virtue of a lease for a definite period, and after the expiration of the period of the lease, holds over without any fresh leave from the owner. [at 275]

A tenant at sufferance differs from a trespasser in that the trespasser does not enter into possession lawfully. *United States v. Whipple Hardware Co.,* 191 *F.* 945 (3 Cir. 1911).

*Xerox Corp. v. Listmark Computer Systems,* 142 *N. J. Super.* 232, 240 (App. Div. 1976), is cited by plaintiff for the proposition that a "holdover tenant may be treated at the election of the landlord as a trespasser or a tenant. *Shield v. Welch,* 4 *N. J.* 563, 568 (1950)." The facts of the *Xerox* case are that *Xerox,* the landlord, asked Listmark, the tenant, to vacate the demised premises in that its lease had terminated. Xerox did not collect or accept any rents from the tenant upon the termination of the lease. The court found that the tenant was a tenant at sufferance.

However, plaintiff states that it "cannot be disputed that Landlord has elected to treat Tenant as a trespasser." Plain-

tiff is wrong on this point. On the contrary, the landlord's intention to treat Metropolitan Life as a holdover tenant is manifest in that the landlord has brought a summary dispossess action. The facts in the present case are similar to the *Xerox* case. The landlord has made a demand for possession of his premises after the expiration of the tenant's lease. No further rents have been accepted, although proffered. It is thus clear that Metropolitan is a tenant at the landlord's sufferance.

█ A tenancy at sufferance is terminable without notice to quit. This was so at common law and is so today. *Beach Realty Co. v. Wildwood*, 105 *N. J. L.* 317, 319–320 (E. & A. 1928) ; *Moore v. Smith*, 56 *N. J. L.* 446 (Sup. Ct. 1894) ; *Moore v. Moore*, 41 *N. J. L.* 515, 516 (Sup. Ct. 1879).

Sections 107 and 109 of the District Court Act of 1898 provided for notice to quit, and tenants at sufferance were afforded three months' notice prior to maintenance of any action for ouster. Following the decision of *Guvernator v. Kenin*, 66 *N. J. L.* 114 (Sup. Ct. 1901), however, the Legislature amended the notice requirements, omitting tenants at sufferance from those tenants required to be given notice to quit. Since that time, there has been no further addition of tenants at sufferance to the list of tenants for whom notice to quit is mandated by *N. J. S. A.* 2A:18–56. Thus, the court can only conclude no such notice is necessary and that *N. J. S. A.* 2A:18–56 does not apply to this defendant in his status as a tenant at sufferance.

*N. J. S. A.* 2A:18–56 not applying to this case, there is no impediment preventing the court from rendering a judgment in the case as provided in *N. J. S. A.* 2A:18–53 (a). The court has jurisdiction under *N. J. S. A.* 2A:18–53.

█ The court barred the tenant's proofs, following proffer, as to hardship and bad faith dealing by the landlord. County district courts must accept any equitable issue offered to defeat an action within their jurisdiction or to avoid a separate defense to such action. *R.* 6:3–1 incorporating *R.* 4:6–2 ; and see *Vineland Shopping Center, Inc. v. DeMarco,*

35 *N. J.* 459 (1961); *Marini v. Ireland,* 56 *N. J.* 130 (1970); *Alexander Hamilton S. & L. Ass'n. v. Whaley,* 107 *N. J. Super.* 89 (Cty. D. Ct. 1969). See also *E. & E. Newman Inc. v. Hallock,* 116 *N. J. Super.* 220 (App. Div. 1971).

██ The cases cited by defendant deal with alleged breach of lease provisions prior to expiration of the term of the lease. By showing equitable grounds for relief the tenant prevents his dispossession due to breach of the ongoing covenant between landlord and tenant. Here, no such agreement exists between the parties at present. This action is brought to evict a tenant whose fixed term lease has expired. There is no reciprocity of rent and possession here since the landlord decided not to accept rent from the tenant. Thus the defenses available in an ongoing landlord-tenant relationship are not applicable. More specifically to the point, counsel has not demonstrated any case in which proof of bad faith in negotiation of a new lease was a defense to summary dispossession of a tenant at sufferance. In fact, the renewal lease itself provides for the possibility of execution of a lease with a party other than defendant. Thus the court concludes that this allegation, even if proven, will not defeat plaintiff's action.

██ As to the tenant's contention that evidence of hardship to its customers and to its employees as well as embarrassment to an international corporation should preclude availability of the remedy of summary dispossess, no authority for such a principle of law is cited. Hardship to the tenant is not even a defense to a judgment for possession in a residential setting. However, the court may stay issuance of the writ of removal upon a showing of hardship. *N. J. S. A.* 2A:42–10.1. This defense is available only in a residential tenancy. There is no similar protection for a commercial tenant. *Charlie Collins Chevrolet v. Zebrowski,* 130 *N. J. Super.* 116 (App. Div. 1974).

Because the tenant has not alleged a cognizable equitable defense, no testimony need be taken. Judgment of possession is granted.